[Cite as *State v. Osborne*, 2020-Ohio-226.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No.     17CA011208 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES S. OSBORNE | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.     13CR088498 |

DECISION AND JOURNAL ENTRY

Dated: January 27, 2020

SCHAFER, Judge.

{¶1}    Defendant-Appellant, James Osborne appeals his conviction in the Lorain County Court of Common Pleas.  We affirm.

I.

{¶2}    On December 5, 2013, the Lorain County Grand Jury indicted Osborne on a litany of criminal offenses and attendant specifications related to the sexual abuse of several children. On December 19, 2013, the Lorain County Grand Jury issued a superseding indictment charging Osborne with sixteen counts of complicity to commit rape in violation of R.C. 2923.03(A)(1), felonies of the first degree with attendant specifications alleging Osborne to be a sexually violent predator; forty-eight counts of complicity to commit kidnapping in violation of R.C. 2923.03(A)(2), felonies of the first degree with attached specifications alleging that the offenses were committed with a sexual motivation and that Osborne is a sexually violent offender; four counts of pandering obscenity involving a minor in violation of R.C. 2907.322(A)(1), felonies of

the second degree; four counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), felonies of the second degree; eight counts of illegal use of minor in nudity-oriented matter or performance in violation of R.C. 2907.323, felonies of second degree; one count of tampering with records in violation of R.C. 2913.42(A)(2), a felony of the third degree; one count of conspiracy in violation of R.C. 2923.01(A)(1), a felony of the third degree; one count of conspiracy in violation of R.C. 2923.01(A)(2), a felony of the third degree; one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the second degree; and one count of failure to register in violation of R.C. 2950.05(F)(1), a felony of the second degree.

{¶3} It is undisputed that prior to his plea hearing, Osborne executed a written plea form. At the hearing, the court reviewed the written plea form with Osborne and asked if he understood he was pleading guilty to each of the charges in the amended indictment and—after the court read all of the charges to him—Osborne stated, "Yes, Your Honor." The court thereafter accepted Osborne's plea of guilty to the amended indictment, which included four counts of complicity to rape, four counts of complicity to kidnapping, four counts of pandering sexually oriented matter involving a minor, two counts of illegal use of a minor in nudity-oriented matter or performance, one count of corrupt activity, and one count of failure to register. Osborne reserved the right to try the sexually violent predator specifications to the bench and the trial court ultimately determined that Osborne was a sexually violent predator and sentenced him pursuant to law.

{¶4} This Court granted Osborne's motion to file a delayed appeal. Osborne raises one assignment of error for our review.

II.

## Assignment of Error

**The trial court erred in failing to comply with [Crim.R.]11 as it never elicited a guilty plea from Mr. Osborne.**

{¶5}     As noted above, Osborne completed a written plea form in this case which stated he was entering a plea of guilty and subsequently affirmed that intention to the court during his plea hearing.  Although Osborne argues that trial court's acceptance of this plea was error, he does not contend that the trial court did not comply with the colloquy requirements of Crim.R. 11(C).  Instead, Osborne argues that the trial court was required to elicit a verbal guilty plea and should not have accepted his written plea.  We disagree.

{¶6}     Crim.R. 11 governs the procedure for the entry and acceptance of pleas.  Crim.R. 11(A) states how a defendant may enter a plea, while Crim.R. 11(C) states the steps a trial court must take before accepting a plea of guilty.   Crim.R. 11(A) provides in relevant part: "[a] defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest.  A plea of not guilty by reason of insanity shall be made in writing by either the defendant or the defendant's attorney.  All other pleas *may* be made orally."  (Emphasis added.) Thus, by use of the term "may" rather than the term "shall," the rule permits a defendant to enter an oral guilty plea, but does not require him or her to do so.  Several of our sister districts have reached the same conclusion.   *See State v. Suttles*, 2d Dist. Montgomery No. 23030, 2010-Ohio-846, ¶ 11;  *State v. Straley*, 4th Dist. Highland No. 09CA4, 2009-Ohio-6170, ¶ 11; *State v. Offinger*, 5th Dist. Muskingum No. CA 79-14, 1980 WL 354278, *2; *State v. Pless*, 6th Dist. Lucas No. L-94-334, 1995 WL 571412, *2; *State v. Kennedy*, 11th Dist. Ashtabula No. 2013-A-0002, 2013-Ohio-4553, ¶ 22; *State v. Estes*, 12th Dist. Butler No. CA2011-12-235, 2013-Ohio-1728, ¶ 11 ("[A] defendant's guilty plea is valid should he enter a guilty plea to all charges in a

written manner, and then receive a full colloquy according to Crim.R. 11(C) to ensure that the defendant's plea was made knowingly and voluntarily."). Therefore, we conclude that Osborne's written guilty plea was sufficient under Crim.R. 11(A).

{¶7} Citing this Court's decision in *State v. Kubisen*, 9th Dist. Lorain No. 16CA011065, 2017-Ohio-8781. Osborne contends that his written plea did not satisfy Crim.R. 11(C). Osborne's reliance on *Kubisen* is misplaced. *Kubisen* concerned a defendant's placement in an intervention in lieu of conviction program despite the fact that the defendant had not entered a guilty plea as required by R.C. 2951.041(C). In *Kubisen*, this Court held "that a guilty plea cannot be accepted under Crim.R. 11 unless the defendant actually pleads guilty in court, [and] Mr. Kubisen's failure to do so in [that] case render[ed] his subsequent admission into ILC invalid." *Id.* at ¶ 10. However, in *State v. White*, 9th Dist. Lorain No. 18CA011305, 2019-Ohio-1159, this Court recognized that its reasoning in *Kubisen* "defined 'a plea of guilty' exclusively as a single verbal response to an explicit question posed by the trial court[,]" and determined that such an interpretation of Crim.R. 11(C) was too narrow and, for that reason, *Kubisen* was wrongly decided. *Id.* at ¶ 6-7.

{¶8} Because we determine that a written guilty plea is sufficient pursuant to Crim.R. 11(A) and Osborne has not asserted on appeal that the trial court did not comply with Crim.R. 11(C) when explaining his rights, Osborne's assignment of error is overruled.

III.

{¶9} Osborne's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶10} I would overrule Osborne's sole assignment of error on the basis of *State v. White*, 9th Dist. Lorain No. 18CA011305, 2019-Ohio-1159.

APPEARANCES:

BRIAN J. DARLING, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.