**[Cite as *State v. Osborne*, 2022-Ohio-734.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    17CA011208 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES OSBORNE | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.    13CR088498 |

DECISION AND JOURNAL ENTRY

Dated: March 14, 2022

TEODOSIO, Presiding Judge.

{¶1} This matter is before the Court following our decision to reopen Appellant James S. Osborne's appeal from his convictions in the Lorain County Court of Common Pleas. For the reasons set forth below, we confirm our prior decision.

I.

{¶2} This Court previously set forth the underlying facts of this case as follows:

On December 5, 2013, the Lorain County Grand Jury indicted Osborne on a litany of criminal offenses and attendant specifications related to the sexual abuse of several children. On December 19, 2013, the Lorain County Grand Jury issued a superseding indictment charging Osborne with sixteen counts of complicity to commit rape in violation of R.C. 2923.03(A)(1), felonies of the first degree with attendant specifications alleging Osborne to be a sexually violent predator; forty-eight counts of complicity to commit kidnapping in violation of R.C. 2923.03(A)(2), felonies of the first degree with attached specifications alleging that the offenses were committed with a sexual motivation and that Osborne is a sexually violent offender; four counts of pandering obscenity involving a minor in violation of R.C. 2907.322(A)(1), felonies of the second degree; four counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), felonies of the second degree; eight counts of illegal use of minor in nudity-oriented matter or performance in violation of R.C. 2907.323, felonies

of second degree; one count of tampering with records in violation of R.C. 2913.42(A)(2), a felony of the third degree; one count of conspiracy in violation of R.C. 2923.01(A)(1), a felony of the third degree; one count of conspiracy in violation of R.C. 2923.01(A)(2), a felony of the third degree; one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the second degree; and one count of failure to register in violation of R.C. 2950.05(F)(1), a felony of the second degree.

It is undisputed that prior to his plea hearing, Osborne executed a written plea form. At the hearing, the court reviewed the written plea form with Osborne and asked if he understood he was pleading guilty to each of the charges in the amended indictment and—after the court read all of the charges to him—Osborne stated, "Yes, Your Honor." The court thereafter accepted Osborne's plea of guilty to the amended indictment, which included four counts of complicity to rape, four counts of complicity to kidnapping, four counts of pandering sexually oriented matter involving a minor, two counts of illegal use of a minor in nudity-oriented matter or performance, one count of corrupt activity, and one count of failure to register. Osborne reserved the right to try the sexually violent predator specifications to the bench and the trial court ultimately determined that Osborne was a sexually violent predator and sentenced him pursuant to law.

*State v. Osborne*, 9th Dist. Lorain No. 17CA011208, 2020-Ohio-226, ¶ 2-3. This Court granted Mr. Osborne's motion to file a delayed appeal. *See id.* at ¶ 4. On appeal, he unsuccessfully argued that the trial court erred in failing to comply with Crim.R. 11 by never eliciting a guilty plea from him, and his convictions were affirmed. *See id.* at ¶ 5-9.

{¶3} Mr. Osborne then filed an application to reopen his appeal pursuant to App.R. 26(B) and argued that his appellate counsel was ineffective for: (1) failing to assert that the trial court erred by not informing him at the time of his plea that he was not eligible for probation; (2) failing to assert that the trial court erred by using an improper standard in determining that he was a sexually violent offender; and (3) failing to assert that the trial court erred when it determined he was a sexually violent offender. *See State v. Osborne*, 9th Dist. Lorain No. 17CA011208 (Oct. 27, 2021). Upon review, this Court concluded that there was a colorable claim that counsel was ineffective, granted the application to reopen, and appointed new counsel.

*See id.* We ordered the case to proceed as on an initial appeal, and ordered Mr. Osborne to file a brief "address[ing] the argument that prior appellate counsel was ineffective." *See id.*

{¶4} Mr. Osborne now appeals and raises two assignments of error for this Court's review. Because both assignments of error must be overruled for the same reason, we have consolidated them to facilitate our review.

II.

### ASSIGNMENT OF ERROR ONE

MR. OSBORNE'S PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CRIMINAL RULE 11(C).

### ASSIGNMENT OF ERROR TWO

MR. OSBORNE'S SENTENCE IS UNCONSTITUTIONAL AS CRUEL AND UNUSUAL PUNISHMENT AND INCONSISTENT WITH THE SENTENCING PRINCIPLES SET FORTH IN R.C. 2929.11.

{¶5} In his assignments of error, Mr. Osborne argues that the trial court erred in: (1) failing to advise him that he would not be eligible for probation or community control; and (2) sentencing him to four life sentences without parole, which constitutes cruel and unusual punishment and is inconsistent with the principles set forth in R.C. 2929.11. Because Mr. Osborne failed to address the key issue of ineffective assistance of appellate counsel, we cannot reach the merits of these claims and must instead overrule his assignments of error.

{¶6} Following the release of the Supreme Court of Ohio's decision in *State v. Murnahan*, 63 Ohio St.3d 60 (1992), and in direct response to that decision, App.R. 26 was amended to establish a procedural mechanism to adjudicate and, if warranted, reopen a direct appeal based on a claim of ineffective assistance of appellate counsel. *State v. Leyh*, Slip Opinion, 2022-Ohio-292, ¶ 16. *Accord State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, ¶

13 ("To be sure, App.R. 26(B) emanates directly from *Murnahan*."). "App.R. 26(B) establishes a two-stage procedure to adjudicate claims of ineffective assistance of appellate counsel." *See Leyh* at ¶ 19.

> The first stage involves a threshold showing for obtaining permission to file new appellate briefs. * * * The second stage involves filing appellate briefs and supporting materials with the assistance of new counsel, in order to establish that prejudicial errors were made in the trial court and that ineffective assistance of appellate counsel in the prior appellate proceedings prevented these errors from being presented effectively to the court of appeals.

1993 Staff Notes to App.R. 26. Regarding the second stage, App.R. 26(B)(7) states that when an application to reopen an appeal is granted, the case proceeds as on an initial appeal and "[t]he parties shall address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency." "If the court finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, the court shall vacate its prior judgment and enter the appropriate judgment." App.R. 26(B)(9). "If the court does not so find, the court shall issue an order confirming its prior judgment." *Id.* Thus, even after an application to reopen is granted, "the previous appellate judgment remains in effect until vacated." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 17.

{¶7} Upon granting Mr. Osborne's application to reopen in this matter, this Court ordered him, in accordance with App.R. 26(B)(7), to file a brief "address[ing] the argument that prior appellate counsel was ineffective." *Osborne*, 9th Dist. Lorain

{¶8} No. 17CA011208 (Oct. 27, 2021). "[I]n order to have the prior appellate judgment altered, in the second stage the applicant must establish not only the merits of the appeal but also that the [ineffective assistance of counsel] standard has been met." 1993 Staff Notes to App.R. 26. Although Mr. Osborne's newly-filed brief contains two new assignments of

error, he has neglected to address the issue of ineffective assistance of appellate counsel. This Court declines to construct such an argument on his behalf. *See State v. Carter*, 9th Dist. Summit No. 27717, 2017-Ohio-8847, ¶ 38. *See also* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶9} Because Mr. Osborne has not presented this Court with a claim of ineffective assistance of appellate counsel, we must confirm our prior judgment. *See* App.R. 26(B)(9). Although we recognize that Mr. Osborne will not be permitted to file a subsequent application to reopen to allege ineffective assistance of counsel, *see State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, ¶ 6 (stating there is no right to file successive applications for reopening under App.R. 26(B)), we must nonetheless apply the rule as written.

{¶10} Accordingly, Mr. Osborne's assignments of error are both overruled.

III.

{¶11} Mr. Osborne's assignments of error are both overruled. Pursuant to App.R. 26(B), we confirm our prior judgment in *State v. Osborne*, 9th Dist. Lorain No. 17CA011208, 2020-Ohio-226. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.