[Cite as *State v. Calhoun*, 2022-Ohio-4269.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

MICHAEL CALHOUN

    Appellant

C.A. No.     29604

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 19 07 2295

DECISION AND JOURNAL ENTRY

Dated: November 30, 2022

CALLAHAN, Judge.

{¶1} In this reopened appeal, Appellant, Michael Calhoun, appeals his convictions by the Summit County Court of Common Pleas. This Court confirms our prior decision.

I.

{¶2} On the evening of February 6, 2019, a gunman fired six shots at an SUV on Ella Court in Akron. One of those shots hit a passenger in the backseat of the SUV, puncturing her lung and destroying a portion of her esophagus. The driver of the vehicle rushed her to the hospital, where she required emergency surgery. In the meantime, residents of the neighborhood where the shooting happened reported the incident, and an off-duty Akron police officer working at the hospital reported the arrival of a shooting victim to the police. A detective who interviewed the two occupants of the SUV at the hospital learned the identity of a woman who had also been present at the scene, and she ultimately identified Mr. Calhoun as the shooter. Once her recovery was well underway, the victim, T.O., identified Mr. Calhoun and another individual from a photo

array. Another individual who was present during the shooting also gave police a written statement that implicated Mr. Calhoun in the shooting.

{¶3}    Mr. Calhoun, who was seventeen years old on the date of the shooting, was bound over by the Summit County Court of Common Pleas, Juvenile Division, for trial as an adult. On July 18, 2019, Mr. Calhoun was indicted on four charges of felonious assault, each accompanied by a firearm specification. A jury found him guilty of each count and each specification, and the trial court sentenced him to consecutive prison terms totaling twenty years.

{¶4}    Mr. Calhoun appealed. This Court affirmed his conviction, concluding, in part, that Mr. Calhoun failed to separately argue that his convictions were against the manifest weight of the evidence and declining to address his manifest-weight arguments on that basis. *State v. Calhoun*, 9th Dist. Summit No. 29604, 2021-Ohio-1713, ¶ 24-25. Mr. Calhoun filed an application to reopen his appeal pursuant to App.R. 26(B), arguing that appellant counsel was ineffective because he failed to challenge the juvenile court's decision that he should be bound over for prosecution, did not assign as error the trial court's sentencing decision, and inadequately argued that Mr. Calhoun's convictions were against the manifest weight of the evidence.

{¶5}    On February 2, 2022, this Court concluded that there was a genuine issue that counsel was ineffective in representing Mr. Calhoun on appeal and granted the application to reopen. Mr. Calhoun's reopened appeal raises four assignments of error. Because all of his assignments of error must be overruled for the same reason, this Court consolidates them for purposes of discussion.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING PROBABLE CAUSE AND THAT THE JUVENILE WAS NOT AMENABLE TO A JUVENILE SANCTION[.]

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IMPOSING SENTENCE ON APPELLANT[.]

**ASSIGNMENT OF ERROR NO. 3**

THE VERDICT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

**ASSIGNMENT OF ERROR NO. 4**

THE TRIAL COURT ERRED BY ADMITTING AN OUT OF COURT STATEMENT IN VIOLATION OF APPELLANT'S RIGHT TO CONFRONTATION UNDER BOTH THE UNITED STATES AND OHIO CONSTITUTIONS AND THE OHIO RULES OF EVIDENCE[.]

{¶6} In his four assignments of error, Mr. Calhoun argues that the juvenile court abused its discretion by binding him over for prosecution as an adult, that the trial court erred in imposing sentence upon him, that his convictions were against the manifest weight of the evidence, and that the trial court erred by permitting the introduction of evidence in violation of his rights under the Confrontation Clause. Because Mr. Calhoun failed to address the fundamental issue of ineffective assistance of appellate counsel, however, we cannot reach the merits of these arguments and must instead overrule his assignments of error.

{¶7} "App.R. 26(B) creates a special procedure for a thorough determination of a defendant's allegations of ineffective assistance of counsel." *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, ¶ 26. The Rule creates a two-stage procedure for the adjudication of ineffective-assistance claims. *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, ¶ 19. In the first, the

applicant must apply for reopening of the appeal as set forth in App.R. 26(B). *Id*. at ¶ 20. "'The first stage involves a threshold showing for obtaining permission to file new appellate briefs.'" *Id*. at ¶ 19, quoting 1993 Staff Notes, App.R. 26. At this stage, an appellant must demonstrate that there is a "'"genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.'" *State v. Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, ¶ 12, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998). When an application for reopening is granted, it proceeds to the second stage, where "[t]he case is then treated as if it were an initial direct appeal, with briefs and oral argument." *Simpson* at ¶ 13.

{¶8} During the second stage of the procedure, this Court must determine whether "the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency[.]" App.R. 26(B)(9). *See also Leyh* at ¶ 24. "[T]he prior appellate judgment may not be altered unless the applicant established at the second stage that the direct appeal was meritorious *and failed because appellate counsel rendered ineffective assistance*" under the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). (Emphasis added.) *Leyh* at ¶ 24. Summarizing this procedure, the Supreme Court of Ohio has written:

> Thus, the two-stage procedure prescribed by App.R. 26(B) requires that the applicant seeking permission to reopen his direct appeal show at the first stage that there is at least a genuine issue—that is, legitimate grounds—to support the claim that the applicant was deprived of the effective assistance of counsel on appeal. *See* App.R. 26(B)(5). If that showing is made and the application is granted, *the applicant must then establish at the second stage the merits of both the direct appeal and the claim of ineffective assistance of appellate counsel. See* App.R. 26(B)(9).

(Emphasis added.) *Id.* at ¶ 25.

{¶9} This Court recently considered the language of App.R. 26(B)(9) in light of this precedent and concluded that when an appellant fails to address ineffective assistance of appellate counsel in a brief filed in a reopened appeal, this Court must confirm our prior judgment. *State v.*

*Osborne*, 9th Dist. Lorain No. 17CA011208, 2022-Ohio-734, ¶ 9, citing App.R. 26(B)(9). In doing so, we recognized that under these circumstances, an appellant "will not be permitted to file a subsequent application to reopen to allege ineffective assistance of appellate counsel" but concluded that "we must nonetheless apply [App.R. 26(B)] as written." *Id*.

{¶10} As in *Osborne*, this Court ordered Mr. Calhoun to file an appellate brief that addressed whether prior appellate counsel was ineffective. Mr. Calhoun's brief set forth four assignments of error, but, as in *Osborne*, "neglected to address the issue of ineffective assistance of appellate counsel." *Id*. at ¶ 8. Consequently, this Court must "apply the rule as written" and confirm our prior judgment. *Id*. at ¶ 9.

{¶11} Mr. Calhoun's assignments of error are overruled.

III.

{¶12} Mr. Calhoun's assignments of error are overruled. Pursuant to App.R. 26(B), we confirm our prior judgment in *Calhoun*, 2021-Ohio-1713. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.