[Cite as *State v. Oliver*, 2023-Ohio-1353.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.   29535 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY R. OLIVER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.   CR 18 11 4023 |

DECISION AND JOURNAL ENTRY

Dated: April 26, 2023

STEVENSON, Judge.

**{¶1}** In this reopened appeal, Defendant-Appellant, Anthony Oliver, appeals from the judgment of the Summit County Court of Common Pleas. This Court confirms our prior decision.

I.

**{¶2}** Mr. Oliver sexually assaulted a female at a small house party. As a result, he was indicted on ten counts. A grand jury charged him with vaginal rape under R.C. 2907.02(A)(2), anal rape under that same subdivision, vaginal rape under R.C. 2907.02(A)(1)(c), anal rape under that same subdivision, kidnapping, two counts of abduction, having a weapon under disability, carrying a concealed weapon, and aggravated menacing. Each count of rape, kidnapping, and abduction also carried a firearm specification.

**{¶3}** A jury trial ensued. At its conclusion, the trial court agreed to instruct the jury on sexual battery as a lesser-included offense of rape. Of the four rape counts, three of those counts resulted in guilty verdicts on the lesser-included offense of sexual battery and one resulted in a not

guilty verdict. The jury also found Mr. Oliver not guilty of one count of abduction. The jury found Mr. Oliver guilty on each of his remaining counts but rejected his firearm specifications. After the trial court sentenced him and classified him as sexual offender, Mr. Oliver filed his direct appeal.

{¶4} On appeal, this Court overruled each of Mr. Oliver's arguments, save for his challenge to his felony conviction for carrying a concealed weapon. *See State v. Oliver*, 9th Dist. Summit No. 29535, 2021-Ohio-4153. Because the verdict form for that offense was deficient, we found Mr. Oliver's felony conviction had to be reduced to a first-degree misdemeanor. *Id.* at ¶ 19. We remanded the matter to the trial court strictly for it "to enter judgment finding [Mr.] Oliver guilty of carrying a concealed weapon as a first-degree misdemeanor." *Id.* at ¶ 65. We otherwise affirmed his convictions.

{¶5} After this Court issued its decision, Mr. Oliver filed an application to reopen his appeal pursuant to App.R. 26(B). He argued he received ineffective assistance of appellate counsel because his counsel did not: (1) argue plain error with respect to a jury instruction; (2) challenge the trial court's failure to give a different jury instruction; (3) develop a manifest weight argument with respect to an element of kidnapping; and (4) file a reply brief. Upon review, this Court determined there was a genuine issue of ineffective assistance of appellate counsel. Accordingly, we granted the application to reopen and ordered the parties to "address in their briefs the claim that representation by prior appellate counsel was deficient, and that [Mr. Oliver] was prejudiced by that deficiency." *State v. Oliver*, 9th Dist. Summit No. 29535 (Apr. 22, 2022).

{¶6} Mr. Oliver's reopened appeal raises five assignments of error for review. Because this Court must overrule each assignment of error for the same reason, we consolidate them to facilitate our analysis.

II.

**ASSIGNMENT OF ERROR I**

THE COURT COMMITTED PLAIN ERROR IN GIVING THE INSTRUCTION OF SEXUAL BATTERY AS A LESSER INCLUDED OFFENSE TO RAPE UNDER THIS RECORD, AS THERE IS NO EVIDENCE OF COERCION, OR THAT THE VICTIM WAS SUBSTANTIALLY IMPAIRED, OR THAT ANTHONY OLIVER KNEW THE VICTIM WAS SUBSTANTIALLY IMPAIRED.

**ASSIGNMENT OF ERROR II**

THE COURT COMMITTED PLAIN ERROR IN NOT GIVING INSTRUCTION OF SEXUAL IMPOSITION AS A LESSER INCLUDED OFFENSE TO RAPE UNDER THIS RECORD AS THERE IS NO EVIDENCE OF FORCE AS FOUND BY THE JURY AND NO EVIDENCE OF COERCION OR THAT THE VICTIM WAS SUBSTANTIALLY IMPAIRED AND THAT ANTHONY OLIVER KNEW THE VICTIM WAS SUBSTANTIALLY IMPAIRED.

**ASSIGNMENT OF ERROR III**

THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE VICTIM WAS "SUBSTANTIALLY IMPAIRED" AND FAILED TO PROVE CARRYING A CONCEALED WEAPON AND WEAPONS UNDER DISABILITY BEYOND A REASONABLE DOUBT AND THUS THERE IS INSUFFICIENT EVIDENCE FOR THE JURY VERDICT, THE VERDICT FORM WAS DEFECTIVE, AND THE COURT ERRED IN DENYING THE DEFENDANT'S RULE 29 MOTION.

**ASSIGNMENT OF ERROR IV**

THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**ASSIGNMENT OF ERROR V**

ANTHONY OLIVER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION[.]

**{¶7}** In his assignments of error, Mr. Oliver challenges aspects of the trial court's jury instructions, the sufficiency of the evidence, and the weight of the evidence. He also claims he received ineffective assistance of trial counsel. Because he has "failed to address the key issue of ineffective assistance of appellate counsel, we cannot reach the merits of these claims and must

instead overrule his assignments of error." *State v. Osborne*, 9th Dist. Lorain No. 17CA011208, 2022-Ohio-734, ¶ 5.

{¶8} "App.R. 26(B) establishes a two-stage procedure to adjudicate claims of ineffective assistance of appellate counsel." *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, ¶ 19. "The first stage involves a threshold showing for obtaining permission to file new appellate briefs." *Osborne* at ¶ 6, quoting 1993 Staff Notes to App.R. 26. At that stage, "[t]he burden is on the applicant to demonstrate a 'genuine issue' as to whether there is a 'colorable claim' of ineffective assistance of appellate counsel." *Leyh* at ¶ 21, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998). If the appellate court finds the applicant has satisfied his burden and grants the application to reopen, the matter "proceeds to the second stage, where '[t]he case is then treated as if it were an initial direct appeal, with briefs and oral argument.'" *State v. Calhoun*, 9th Dist. Summit No. 29604, 2022-Ohio-4269, ¶ 7, quoting *State v. Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, ¶ 13.

{¶9} At the second stage, an applicant must establish "the merits of both the direct appeal and the claim of ineffective assistance of appellate counsel." *Leyh* at ¶ 25. "[T]he prior appellate judgment may not be altered unless the applicant establishes at the second stage that the direct appeal was meritorious and failed because appellate counsel rendered ineffective assistance under the two-pronged [*Strickland v. Washington*, 466 U.S. 668 (1984)] standard." *Id.* at ¶ 24. "[W]hen an appellant fails to address ineffective assistance of appellate counsel in a brief filed in a reopened appeal, this Court must confirm our prior judgment." *Calhoun* at ¶ 9, citing *Osborne* at ¶ 9. *See also* App.R. 26(B)(9). "Although we recognize that [the appellant] will not be permitted to file a subsequent application to reopen to allege ineffective assistance of counsel, * * * we must nonetheless apply [App.R. 26(B)] as written." *Osborne* at ¶ 9.

**{¶10}** As in *Osborne* and *Calhoun*, this Court ordered Mr. Oliver to file an appellate brief that addressed whether his appellate counsel was ineffective in handling his direct appeal. Mr. Oliver's brief sets forth five assignments of error, but he has "neglected to address the issue of ineffective assistance of appellate counsel." *Osborne* at ¶ 8. Under these circumstances, this Court has no choice but to apply App.R. 26(B) as written and confirm our prior judgment. *Calhoun* at ¶ 10; *Osborne* at ¶ 9. Accordingly, Mr. Oliver's assignments of error are overruled.

## III.

**{¶11}** Mr. Oliver's assignments of error are overruled. Pursuant to App.R. 26(B), this Court confirms our prior judgment in *Oliver*, 2021-Ohio-4153. Consistent with that decision, the judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with that opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.