[Cite as *State v. Clark*, 2023-Ohio-4839.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No.　　20CA0020-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS B. CLARK | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.　　16CR0734 |

DECISION AND JOURNAL ENTRY

Dated: December 29, 2023

FLAGG LANZINGER, Judge

**{¶1}** In this reopened appeal, Thomas B. Clark appeals from the judgment of the Medina County Court of Common Pleas. This Court confirms our prior decision.

I.

**{¶2}** This Court outlined much of the history of this case in prior appeals:

In December 2016, Clark was charged in a 30-count indictment with multiple counts of rape and gross sexual imposition involving a minor. The indictment included a sexually violent predator specification. The matter proceeded to a change of plea hearing, at which Clark was represented by counsel. Clark pleaded guilty to 3 counts of rape and 10 counts of gross sexual imposition. The remaining 2 counts of rape, 15 counts of gross sexual imposition, and the sexually violent predator specification were dismissed. A presentence investigation report was ordered, which is not a part of this Court's record.

Following Clark's plea, his counsel filed a motion to withdraw. The trial court granted the motion at a hearing and appointed Clark new counsel. Thereafter, Clark, despite being represented by counsel, began to file several pro se motions, including one seeking to withdraw his plea and one seeking to represent himself. At a hearing, the trial court told Clark that he could not be both represented by counsel and represent himself. The trial court asked Clark to clarify what he wanted to do. Clark indicated that he did not want his attorney to represent him. The trial court then told

Clark that it would make a determination between then and the time of the next hearing as to whether Clark could represent himself and noted that the trial court would have "go through a pretty long discussion" with Clark about it before the trial court could allow it. In the interim, the trial court appointed the attorney who had been representing Clark as his standby counsel.

At the beginning of the next hearing, the trial court noted that it had had a conversation with Clark about his right to counsel and Clark decided to proceed pro se. Clark confirmed that that was his decision. A hearing was then held on Clark's motion to withdraw his plea and briefs were also filed on this matter. Ultimately, the trial court denied Clark's motion to withdraw his plea.
Prior to sentencing, Clark filed a motion for the appointment of counsel, which the trial court granted. The trial court sentenced Clark to a term of 25 years to life in prison on each count of rape and 36 months in prison on each count of gross sexual imposition; the terms were ordered to run concurrently to each other.

*State v. Clark* ("*Clark I*"), 9th Dist. Medina No. 17CA0066-M, 2018-Ohio-3932, ¶ 2-5.

Clark appealed, raising four assignments of error for our review. *Id.* at ¶ 6. In his second assignment of error, Clark argued that the trial court failed to obtain a voluntary, knowing, and intelligent waiver of counsel from Clark. *Id.* at ¶ 7. We sustained that assignment of error, did not reach the merits of his other arguments, and remanded the matter to the trial court for proceedings consistent with the opinion. *Id.* at ¶ 17.

Upon remand, the trial judge recused himself and the matter was reassigned to a different judge. A status conference was held in October 2018. Clark's counsel asserted that this Court's remand resulted in the vacation of not only Clark's sentence but also his plea. The State argued that this Court only vacated Clark's sentence and that Clark's guilty plea remained intact. The trial court stated on the record that it believed that this Court vacated only the sentence.

Thereafter, Clark, through counsel, filed a motion to enforce this Court's ruling, which Clark maintained required that the matter be set for trial. At a status conference on October 25, 2018, Clark brought up his motion to enforce this Court's ruling. The trial court overruled the motion at the hearing but did not issue an entry stating the same.

In November 2018, Clark's counsel filed a motion to withdraw as Clark's counsel, which was granted. Another attorney was then appointed to represent Clark. At a status conference in March 2019, Clark's counsel requested a stay in the proceedings while Clark's filing seeking a writ of habeas corpus in this Court was being heard. The trial court granted the motion. After this Court denied the writ in December 2019, a status hearing was conducted. Clark orally moved the trial court to dismiss the charges and vacate his sentence based upon Crim.R. 32 and R.C. 2945.71. Thereafter, Clark filed a written motion arguing that the trial court was

divested of jurisdiction to sentence Clark based upon Crim.R. 32(A) and Sup.R. 39(B)(4). In addition, Clark alleged that his statutory right to a speedy trial was violated and that the trial court failed to timely dispose of his motion to enforce this Court's decision via a written entry.

In January 2020, the trial court held a hearing on Clark's motion to dismiss and preclude sentence. After the trial court orally denied the motion at the hearing, Clark moved to withdraw his motion to withdraw his plea, which the trial court viewed as outstanding in light of this Court's actions in Clark's appeal. In February 2020, the trial court sentenced Clark to an indefinite term of 25 years to life in prison on the 3 rape counts and 36 months in prison on each of the gross sexual imposition counts. The trial court ordered all counts to be served concurrently.

*State v. Clark* ("*Clark II*"), 9th Dist. Medina No. 20CA0020-M, 2021-Ohio-3397, ¶ 3-7. Clark appealed to this Court, raising six assignments of error. *Id.* at ¶ 8. On September 27, 2021, this Court overruled all of Clark's assignments of error.

{¶3} After this Court issued its decision, Clark filed an application for reopening pursuant to App.R. 26(B). In Clark's application for reopening, he argued he received ineffective assistance of appellate counsel because his counsel failed to challenge the trial court's order after this Court's remand. This Court determined there was a genuine issue of ineffective assistance of appellate counsel. Accordingly, we granted Clark's application to reopen and appointed him new counsel. In our order, this Court ordered the parties to "address in their briefs the claim that representation by prior appellate counsel was deficient, and that Appellant was prejudiced by that deficiency." *State v. Clark*, 9th Dist. Medina No. 20CA0020-M (Aug. 11, 2022).

{¶4} Now, Clark's reopened appeal raises ten assignments of error for our review. Because this Court must overrule each assignment of error for the same reason, we consolidate them to facilitate our analysis.

4

II.

## ASSIGNMENT OF ERROR I

**FIRST, NEITHER THE TRIAL COURT, TRIAL COUNSEL (NEITHER THE DEFENSE NOR THE STATE), UNDERSTOOD WHAT THE APPELLATE COURT MEANT BY "CONVICTION" AND DID NOT BOTHER TO ASK FOR CLARIFICATION OR INSTRUCTIONS.**

## ASSIGNMENT OF ERROR II

**SECOND, THE PLEA BARGAIN IN THIS CASE WAS VACATED AND THUS VOID.**

## ASSIGNMENT OF ERROR III

**THIRD, NEITHER THE TRIAL COURT, TRIAL COUNSEL (NEITHER THE DEFENSE NOR THE STATE), UNDERSTOOD WHAT THE EFFECT OF FILING A HABEAS CORPUS PETITION HAD, IF ANY, ON THE UNDERLYING, PENDING TRIAL PROCEEDINGS.**

## ASSIGNMENT OF ERROR IV

**FOURTH, MR. CLARK REPEATEDLY RAISED HIS RIGHT TO A SPEEDY TRIAL.**

## ASSIGNMENT OF ERROR V

**FIFTH, MR. CLARK WOULD NOT HAVE HAD TO FILE THE HABEAS CORPUS PETITION, HAD HE NOT BEEN LEFT IN THE JAIL FOR FIVE MONTHS WITH NO EXPLANATION NOR HEARING ON HIS MOTION TO WITHDRAW HIS PLEA.**

## ASSIGNMENT OF ERROR VI

**SIXTH, A FIFTEEN MONTH DELAY EXCEEDS THE THRESHOLD OF PRESUMPTIVE UNREASONABLE DELAY DIVESTING THE TRIAL COURT OF JURISDICTION TO RENDER ANY SUBSEQUENTLY IMPOSED SENTENCE.**

## ASSIGNMENT OF ERROR VII

**SEVENTH, THERE ARE NUMEROUS ORAL MOTIONS ALLUDED TO IN THE TRANSCRIPTS.**

## ASSIGNMENT OF ERROR VIII

**EIGHTH, COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHEN COUNSEL FAILED TO PRESERVE THE RECORD, WITH OBJECTIONS AND TIMELY-FIL[]ED WRITTEN PRE-TRIAL MOTIONS INCLUSIVE BUT NOT LIMITED TO SPEEDY TRIAL MOTIONS AND MOTIONS RE SENTENCING RELEGATING MR. CLARK TO ALL BUT PLAIN ERROR REVIEW WHEN THE ISSUE IS RAISED FOR THE FIRST TIME ON APPEAL.**

## ASSIGNMENT OF ERROR IX

**NINETH, THE INDICTMENT IS NOT CLEAR ON WHEN THE DATES OF THESE ALLEGED EVENTS TOOK PLACE, THUS, NOT ASKING FOR A MORE DEFINITE STATEMENT, PREVENTED OR INHIBITED TRIAL COUNSEL'S ABILITY AND APPELLATE COUNSEL'S REVIEW OF THE CASE TO DETERMINE IF MERGER OF ALLIED OFFENSES WERE APPLICABLE, THUS, SUBJECTING MR. CLARK TO A RECORD OF MORE CONVICTIONS AND POTENTIALLY LONGER SENTENCE.**

## ASSIGNMENT OF ERROR X

**TENTH, THE TRIAL COURT ERRED IN ISSUING ITS MARCH 16, 2020 NUNC PRO TUNE JOURNAL ENTRY REDUCING MR. CLARK'S JAIL TIME CREDIT FROM 1,187 TO 289 DAYS BECAUSE IT VIOLATED MR. CLARK'S DUE PROCESS INTEREST IN THE FINALITY OF HIS SENTENCE UNDER U.S. CONST. AMENDS. V, XIV, AND OHIO CONST. ART. I, SEC.10.**

{¶5} In his assignments of error, Clark makes various arguments regarding the effect of this Court's order following *Clark I*. Because he has "failed to address the key issue of ineffective assistance of appellate counsel, we cannot reach the merits of these claims and must instead overrule his assignments of error." *State v. Oliver*, 9th Dist. Summit No. 29535, 2023-Ohio-1353, ¶ 7, quoting *State v. Osborne*, 9th Dist. Lorain No. 17CA011208, 2022-Ohio-734, ¶ 5.

{¶6} "App.R. 26(B) establishes a two-stage procedure to adjudicate claims of ineffective assistance of appellate counsel." *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, ¶ 19. "The first stage involves a threshold showing for obtaining permission to file new appellate briefs." *Osborne* at ¶ 6, quoting 1993 Staff Notes to App.R. 26. At that stage, "[t]he burden is on the

applicant to demonstrate a 'genuine issue' as to whether there is a 'colorable claim' of ineffective assistance of appellate counsel." *Leyh* at ¶ 21, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998). If the appellate court finds the applicant has satisfied his burden and grants the application to reopen, the matter "proceeds to the second stage, where '[t]he case is then treated as if it were an initial direct appeal, with briefs and oral argument.'" *State v. Calhoun*, 9th Dist. Summit No. 29604, 2022-Ohio-4269, ¶ 7, quoting *State v. Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, ¶ 13.

**{¶7}** At the second stage, an applicant must establish "the merits of both the direct appeal and the claim of ineffective assistance of appellate counsel." *Leyh* at ¶ 25. "[T]he prior appellate judgment may not be altered unless the applicant establishes at the second stage that the direct appeal was meritorious and failed because appellate counsel rendered ineffective assistance under the two-pronged [*Strickland v. Washington*, 466 U.S. 668 (1984)] standard." *Id.* at ¶ 24. "[W]hen an appellant fails to address ineffective assistance of appellate counsel in a brief filed in a reopened appeal, this Court must confirm our prior judgment." *Calhoun* at ¶ 9, citing *Osborne* at ¶ 9. *See also* App.R. 26(B)(9). "Although we recognize that [the appellant] will not be permitted to file a subsequent application to reopen to allege ineffective assistance of counsel, * * * we must nonetheless apply [App.R. 26(B)] as written." *Osborne* at ¶ 9.

**{¶8}** As in *Osborne* and *Calhoun*, this Court ordered Clark to file an appellate brief that addressed whether his appellate counsel was ineffective in handling his direct appeal. Clark's brief sets forth ten assignments of error, but he has "neglected to address the issue of ineffective assistance of appellate counsel." *Osborne* at ¶ 8. Under these circumstances, this Court must apply App.R. 26(B) and confirm our prior judgment. *Calhoun* at ¶ 10; *Osborne* at ¶ 9.

**{¶9}** While we agree with many of the concerns expressed within the dissenting opinion regarding App.R. 26(B), without direction from the Supreme Court to the contrary, this Court is bound by our prior precedent. Accordingly, Clark's assignments of error are overruled.

III.

**{¶10}** Clark's assignments of error are overruled. Pursuant to App.R. 26(B), this Court confirms our prior judgment in *Clark II*, 2021-Ohio-3397. Consistent with that decision the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
CONCURRING.

**{¶11}** I concur in the majority opinion's judgment because I think we are compelled to follow this Court's long-standing precedent regarding the application of App.R. 26(B) and confirm our prior judgment where an appellant fails to address ineffective assistance of appellate counsel in a brief filed in a reopened appeal. I emphasize, however, that a conflict exists with other appellate districts as to the application of App.R. 26(B) when this occurs. As such, resolution of this conflict by the Ohio Supreme Court would benefit the administration of justice by imposing consistent application of App.R. 26(B) upon appellate districts.

CARR, J.
DISSENTING.

**{¶12}** Because I would address Clark's assignments of error on the merits, I respectfully dissent.

**{¶13}** Thirty years ago, App.R. 26(B) was adopted to implement the Ohio Supreme Court's remedy created in *State v. Murnahan*, 63 Ohio St.3d 60 (1991). *See State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, ¶ 13. The Application to Reopen was intended to provide the due process procedure to allow a convicted defendant the opportunity to contest the effectiveness of appellate counsel. What should have been a simple safety net to protect a defendant's appellate rights has become yet another pitfall on an already neglected over grown path to justice.

{¶14} As could be expected, the districts have used different standards when applying App.R. 26(B). Nowhere is this more apparent than the requirement that appellant argue in the appellant's brief that prior appellate counsel provided deficient performance and that deficient performance prejudiced appellant. *See* App.R. 26(B)(7). As the Supreme Court recently described the process, this is the second stage of the application-to-reopen process. *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, ¶ 22. In the first stage, appellant must file an application that demonstrates a genuine issue of a colorable claim of ineffective assistance of appellate counsel. *Id*. at ¶ 21. If the appellate court grants reopening, this means appellant has demonstrated a genuine issue of a colorable claim of ineffective assistance of appellate counsel.

{¶15} In the second stage, appellant and appellee both must "address in their briefs the claim that representation by prior appellate counsel was deficient and that the application was prejudiced by that deficiency." App.R. 26(B)(7). Oddly, the first sentence of that same provision, App.R. 26(B)(7), states that if the application to reopen is granted, "the case shall proceed as on an initial appeal * * *." Of course, in an initial appeal, no rule requires specific arguments to be made, so it is understandable how attorneys, for both appellant and appellee, fail to include this specific argument in their appellate briefs, a process that may occur months after the appellate court granted the Application to Reopen.

{¶16} Although the last sentence App.R. 26(B)(7) requires the parties to make this argument, we should not be so strict as to reject out of hand a meritorious appellate argument – an argument that would surely establish that prior appellate counsel provided ineffective assistance – simply because a specific, detailed, argument was not presented. We do not require that level of specificity in other instances, like a motion to suppress, *see, e.g., State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, and we should not require it in an Application to Reopen.

{¶17} I would adopt the approach recently explained by the Eleventh District Court of Appeals. The court noted that appellant in the reopened case failed "to address the issue of ineffective assistance of appellate counsel, as App.R. 26(B)(7) requires. In the interest of justice, however, we presume Mr. Talley is arguing that appellate counsel was ineffective for failing to raise the arguments set forth in his new assignments of error." *State v. Talley*, 11th Dist. Trumbull No. 2021-T-0044, 2023-Ohio-883, ¶ 4. This is not a new approach for the Eleventh District. The court wrote that this approach was consistent with its past practice, citing a case it decided in 1999. *Id*. at ¶ 26.

{¶18} In another recent decision, the Fourth District recognized our reasoning in *State v. Calhoun*, 9th Dist. Summit No. 29604, 2022-Ohio-4269, but still reviewed the arguments in the reopened appeal before concluding that prior appellate counsel must not have been ineffective. *State v. Carver*, 4th Dist. Highland No. 19CA17, 2023-Ohio-2839, ¶ 3-9, 47. In other words, the Fourth District agreed with *Calhoun* that an appellant must argue prior appellate counsel was ineffective in the reopened appeal, but it also reviewed the assignments of error set forth in the brief. The court concluded that because there was no merit to the arguments raised in the new brief on reopening, it would have been futile for counsel to raise the arguments in the first appeal so, had current counsel properly argued ineffective assistance as required by App.R. 26(B), the court would have found it to be without merit. *Carver* at ¶ 47.

{¶19} The Supreme Court in *Leyh* indicated that appellate counsel must demonstrate ineffective assistance of counsel before the original judgment in the appeal can be vacated. *Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, at ¶ 24. However, the Court did not present an exact procedure or argument new counsel had to use to make this showing. I would hold that in reviewing the merits of an assigned error in a reopened appeal, if this Court finds reversible error,

the requirement that appellant demonstrate ineffective assistance of prior appellate counsel has been satisfied.  Just like in noticing plain error, a court should not ignore a prejudicial error that affected the outcome of the case just because it was not specifically presented in a neatly wrapped package with an intricately tied bow on it.

{¶20}  For the foregoing reasons, I respectfully dissent.  I encourage the Supreme Court to revisit the procedure for reopening appeals, either by reviewing this case or by amending App.R. 26(B) to establish a more workable solution for the parties and appellate courts.

APPEARANCES:

LYDIA EVELYN SPRAGIN, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.