[Cite as *State v. Talley*, 2022-Ohio-1638.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

DESMOND TALLEY,

        Defendant-Appellant.

CASE NO. 2021-T-0044

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00095

**O P I N I O N**

Decided: May 16, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Desmond Talley, appeals the imposition of consecutive sentences following his convictions for various trafficking offenses in the Trumbull County Court of Common Pleas. For the following reasons, we affirm the sentences imposed.

{¶2} On July 8, 2021, Talley (age 43) pled guilty to the following charges: Trafficking in Heroin (Count Two) in violation of R.C. 2925.03(A)(1) and (C)(6)(a); Trafficking in Fentanyl-Related Compound (Counts Three, Six, and Eight) in violation of

R.C. 2925.03(A)(1) and (C)(9)(a); Trafficking in Cocaine (Counts Seven and Twelve) in violation of R.C. 2925.03(A)(1) and (C)(4)(a); and Trafficking in Fentanyl-Related Compound (Count Eleven) in violation of R.C. 2925.03(A)(1) and (C)(9)(c).

{¶3} On October 14, 2021, Talley's sentencing hearing was held pursuant to R.C. 2929.19. The sentencing court reviewed Talley's criminal history and reported the following:

> Aggravated Trafficking when you were 18 years old. * * * Criminal Trespassing, Resisting Arrest, Assault on a Police Dog, Possession of Cocaine, another Assault, Resisting Arrest, Assault, Falsification, and that's just to get you to age 20. Domestic Violence, Assault, Assault on a Police Officer, Possession of Cocaine, Possession of Cocaine, Possession of Drugs, Domestic Violence, Domestic Violence, Violation of a Protection Order, another Assault on a Police Officer, Possession of Drugs, Obstruction of Official Business, Possession of Cocaine, Disorderly Conduct, Vehicular Manslaughter, Domestic Violence, Failure to Comply with the Order or Signal of a Police Officer, Drunk Driving, several Domestic Violence cases dismissed. Prior Trafficking in Heroin in 2014. This time you got 8 months in LCI.

The court then stated that it had "considered the overriding principles and purposes of felony sentencing," and "all relevant seriousness and recidivism factors." The court stated that its sentence "shall be proportional to the Defendant's conduct as well as consistent with similar [sic] situated offenders."

{¶4} Relative to community control sanctions and consecutive sentences, the sentencing court found as follows.

> In this case, the Defendant has six prior prison sentences, has a long history of criminal convictions, * * * has never responded favorably to any sanctions imposed and is not a candidate for any type of community control.
>
> The Court also finds pursuant to Section 2929.14 of the Revised Code that it is necessary to protect the public from future

2

crime by the Defendant; that consecutive sentences are not disproportionate to the seriousness of the offender's conduct. Some of the offenses were committed while awaiting trial or on probation in other cases. Due to the conduct of the Defendant and blatant disregard for the law, a single prison term would not adequately reflect the seriousness of the conduct of the Defendant, and the Defendant's * * * extensive criminal history clearly demonstrates consecutive sentences are necessary to protect the public.

{¶5} The sentencing court ordered Talley to serve prison terms of twelve months for Trafficking in Heroin (Count Two); twelve months for Trafficking in Fentanyl-Related Compound (Counts Three, Six, and Eight); twelve months for Trafficking in Cocaine (Counts Seven and Twelve); and six months for Trafficking in Fentanyl-Related Compound (Count Eleven). The prison terms for Counts Three, Six, and Eight were ordered to be served concurrently with each other as well as with the terms for Counts Seven and Twelve. Otherwise, the court ordered the sentences for Counts Two, Three, Seven, and Eleven to be served consecutively for an aggregate sentence of forty-two months.

{¶6} Talley's sentence was memorialized in an Entry on Sentence on October 18, 2021.

{¶7} On October 25, 2021, Talley filed a Notice of Appeal. On appeal he raises the following assignment of error: "The trial court erred in sentencing Mr. Talley to consecutive prison terms without due consideration to a proportionality analysis."

{¶8} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). With respect to consecutive sentences, a reviewing court "may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing

3

court's findings under division * * * (C)(4) of section 2929.14." *Id.* Under R.C. 2929.14(C)(4), a sentencing court is required to find, inter alia, that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

{¶9} Talley argues that the trial court "failed to make a finding that consecutive sentences were not disproportionate to the seriousness of [his] conduct and to the danger he posed to the public." Appellant's Merit Brief at 8. Specifically, he asserts that the court's analysis of his prior criminal history fails to support the finding. While acknowledging that his criminal history is extensive, Talley notes that his prior offenses "occurred around the ages of 18-20" and "seven to eight years prior [to the present offenses]." Moreover, he "now has a family and kids who he has been very involved with." Appellant's Merit Brief at 6.

{¶10} Contrary to Talley's position, we do not find that reversal is appropriate. The conduct underlying the present charges dates to December 2018. The conduct underlying the immediately preceding charges for Trafficking in Heroin occurred in April 2014 – less than five years earlier. In the present case, we cannot say that the record clearly and convincingly fails to support the trial court's finding with respect to proportionality. *State v. Guth*, 11th Dist. Portage No. 2015-P-0083, 2016-Ohio-8221, ¶ 23 (R.C. 2953.08(G)(2) "does not say that the trial judge must have clear and convincing evidence to support its findings," but "it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings"). This court has described the standard for reviewing the imposition of consecutive sentences as "extremely deferential." *State v. Garcia*, 11th Dist. Ashtabula Nos. 2020-A-0034 and

4

Case No. 2021-T-0044

2020-A-0045, 2021-Ohio-4480, ¶ 81. Regardless of the length of time between criminal charges, Talley's criminal record is extensive and extends over about half of his life. Additionally, as noted by the lower court, he continued to commit new offenses while awaiting trial or while on probation, demonstrating a disregard for the law.

{¶11} The sole assignment of error is without merit.

{¶12} For the foregoing reasons, Talley's sentence is affirmed. Costs to be taxed against the appellant.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

5