[Cite as *State v. Talley*, 2023-Ohio-883.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-T-0044 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| DESMOND TALLEY, | Trial Court No. 2021 CR 00095 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: March 20, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Eric D. Hall*, P.O. Box 232, Medina, OH 44258 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} In this reopened appeal, appellant, Desmond Talley ("Mr. Talley"), appeals from the judgment of the Trumbull County Court of Common Pleas sentencing him to an aggregate prison term of 42 months following his guilty pleas to several trafficking offenses.

{¶2} Mr. Talley asserts two assignments of error. In his first assignment of error, he contends the trial court erred by sentencing him to consecutive sentences because the record does not support its findings and because the parties agreed to a 12-month prison sentence in the written plea agreement. In his second assignment of error, Mr.

Talley contends that his trial counsel was ineffective for failing to object or otherwise remind the trial court of the agreed sentence and for failing to file a motion to withdraw his guilty pleas.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) Mr. Talley fails to address the issue of ineffective assistance of appellate counsel, as App.R. 26(B)(7) requires. In the interest of justice, however, we presume Mr. Talley is arguing that appellate counsel was ineffective for failing to raise the arguments set forth in his new assignments of error.

{¶5} (2) We find no deficient performance on the part of appellate counsel. Appellate counsel advanced the argument that the record does not support the trial court's consecutive sentence findings. In addition, despite the purported copy attached to Mr. Talley's application for reopening, the written plea agreement in the record contains no agreement as to sentence.

{¶6} Thus, we confirm our prior judgment and affirm the judgment of the Trumbull County Court of Common Pleas.

## Substantive and Procedural History

{¶7} In February 2021, Mr. Talley was indicted for 12 trafficking offenses: seven counts of trafficking in cocaine, fifth-degree felonies, in violation of R.C. 2925.03(A)(1) and (C)(4)(a) (counts 1, 4, 5, 7, 9, 10, and 12); one count of trafficking in heroin, a fifth-degree felony, in violation of R.C. 2925.03(A)(1) and (C)(6)(a) (count 2); three counts of trafficking in fentanyl-related compound, fifth-degree felonies, in violation of R.C. 2925.03(A)(1) and (C)(9)(a) (counts 3, 6, and 8); and one count of trafficking in fentanyl-

2

related compound, a fourth-degree felony, in violation of R.C. 2925.03(A)(1) and (C)(9)(c) (count 11). Mr. Talley appeared with counsel and pleaded not guilty.

{¶8} In July 2021, Mr. Talley entered into a written plea agreement in which he agreed to plead guilty to counts 2, 3, 6, 7, 8, 11, and 12. The last page of the agreement states:

{¶9} "The underlying agreement upon which this plea is based is as follows: **Defendant to undergo a PSI. The Stat[e] to Nolle Counts 1, 4, 5, 9 & 10 at sentencing**." (Bolding sic.)

{¶10} The trial court held a change of plea hearing at which it engaged in a plea colloquy with Mr. Talley pursuant to Crim.R. 11, accepted his guilty pleas, and found him guilty. It ordered a presentence investigation and set the matter for sentencing.

{¶11} In October 2021, the trial court held a sentencing hearing and imposed prison sentences of 12 months each on counts 2, 3, 6, 7, 8, and 12 and six months on count 11. It ordered counts 3, 6, and 8 to be served concurrently to each other but consecutively to count 2; counts 7 and 12 to be served concurrently to each other but consecutively to counts 2, 3, 6, and 8; and count 11 to be served consecutively to counts 2, 3, 6, 7, 8, and 12, for an aggregate prison sentence of 42 months. The trial court filed a judgment entry memorializing Mr. Talley's guilty pleas and sentences and a separate entry dismissing counts 1, 4, 5, 9, and 10.

{¶12} Mr. Talley, through counsel, filed a direct appeal and raised a single assignment of error: "The trial court erred in sentencing Mr. Talley to consecutive prison terms without due consideration to a proportionality analysis." In *State v. Talley*, 11th Dist. Trumbull No. 2021-T-0044, 2022-Ohio-1638 ("*Talley I*"), we found that Mr. Talley's

3

assignment of error lacked merit and affirmed his sentences. *See id.* at ¶ 11-12. We determined that the record does not clearly and convincingly fail to support the trial court's finding with respect to proportionality. *Id.* at ¶ 10. Mr. Talley appealed to the Supreme Court of Ohio, which declined jurisdiction. *See State v. Talley*, 167 Ohio St.3d 1499, 2022-Ohio-2953, 193 N.E.3d 584 ("*Talley II*").

{¶13} In August 2022, Mr. Talley filed a pro se application to reopen his appeal pursuant to App.R. 26(B). He contended that appellate counsel was ineffective for failing to argue that the trial court breached the parties' written plea agreement when it sentenced him to consecutive prison sentences. According to Mr. Talley, the parties jointly agreed that the PSI would be waived and that he would be sentenced to 12 months in prison on each count to run concurrently. Mr. Talley attached a purported copy of the written plea agreement as an exhibit, the last page of which states:

{¶14} "The underlying agreement upon which this plea is based is as follows:

{¶15} "**Defendant waived a Pre-Sentence Investigation.**

{¶16} "**The State and Defendant jointly agree to a prison sentence of:**

{¶17} "**Twelve (12) months on each count to run concurrent to each other.**

{¶18} "**The State to Nolle Counts 1, 4, 5, 9 & 10 at sentencing**." (Bolding sic.)

{¶19} The state opposed Mr. Talley's application for reopening on the basis that the trial court was not legally required to impose a jointly recommended sentence.

{¶20} In October 2022, this court filed a judgment entry granting Mr. Talley's application for reopening. We determined that the written plea agreement contained an agreed rather than a recommended sentence and that the trial court did not advise Mr. Talley that it would not be or did not intend to be bound by it. We ordered the matter to

4

proceed in accordance with App.R. 26(B)(7) through (9), reinstated Mr. Talley's appeal, and appointed new appellate counsel.

{¶21} After the record was refiled, the parties submitted new appellate briefs. Mr. Talley now asserts the following two assignments of error:

{¶22} "[1.] The trial court erred when it sentenced appellant to consecutive prison terms when clearly and convincingly the record failed to support its findings, and abused its discretion when the appellant and the state had reached an agreement for a twelve month sentence, and further failed to advise appellant that the court would not or did not intend to be bound by the terms of that agreement.

{¶23} "[2.] Appellant's trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution."

**Standard of Review**

{¶24} App.R. 26(B) "establish[es] a procedural mechanism to adjudicate and, if warranted, reopen a direct appeal based on a claim of ineffective assistance of appellate counsel." *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075, ¶ 16. App.R. 26(B) sets forth a two-stage procedure. *Id.* at ¶ 19. Under the first stage, an applicant must show that there is "a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). Specifically, "[t]he burden is on the applicant to demonstrate 'a genuine issue' as to whether there is a 'colorable claim' of ineffective assistance of counsel." *Leyh* at ¶ 21, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). If that showing is made and the application is granted, the matter will proceed to the second stage. *See id.* at ¶ 25.

5

{¶25} Under the second stage, "the case shall proceed as on an initial appeal * * * except that the court may limit its review to those assignments of error and arguments not previously considered." App.R. 26(B)(7). "The parties shall address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency." *Id.* "If the court finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, the court shall vacate its prior judgment and enter the appropriate judgment. If the court does not so find, the court shall issue an order confirming its prior judgment." App.R. 26(B)(9). In other words, "the applicant must * * * establish at the second stage the merits of *both* the direct appeal and the claim of ineffective assistance of appellate counsel." (Emphasis added.) *Leyh* at ¶ 25.

{¶26} This matter involves the second stage. Although Mr. Talley asserts two new assignments of error, he fails to address the issue of ineffective assistance of appellate counsel, as App.R. 26(B)(7) requires. In the interest of justice, however, we presume Mr. Talley is arguing that appellate counsel was ineffective for failing to raise the arguments set forth in his new assignments of error. This approach is consistent with our past practice. *See, e.g., State v. Jones*, 11th Dist. Ashtabula No. 96-A-0009, 1999 WL 689944, *4, *5 (Aug. 27, 1999).

### Consecutive Sentences

{¶27} Within his first assignment of error, Mr. Talley contends that the trial court erred in imposing consecutive sentences because the record clearly and convincingly fails to support its findings. As our above summary demonstrates, however, Mr. Talley's

Case No. 2021-T-0044

appellate counsel advanced this argument, and we found that it lacked merit. *See Talley I* at ¶ 10. Accordingly, we find no deficient performance on the part of appellate counsel.

{¶28} The discussed portion of Mr. Talley's first assignment of error is without merit.

**Agreed Sentence**

{¶29} Within his first assignment of error, Mr. Talley also contends that the trial court abused its discretion by failing to sentence him to the parties' agreed sentence and by failing to advise him that it would not be or did not intend to be bound by the terms of the parties' written plea agreement. In his second assignment of error, Mr. Talley contends that his trial counsel was ineffective for failing to object or otherwise remind the trial court of the parties' agreed sentence and for failing to file a motion to withdraw his guilty pleas.

{¶30} The parties' alleged agreement as to sentence formed the basis of our granting Mr. Talley's application for reopening. However, the written plea agreement in the record—which contains the signatures of the parties and the trial court judge as well as a file stamp—does not reference any agreement as to sentence. As indicated, this agreement provides that Mr. Talley would undergo a PSI and that the state would dismiss certain counts of the indictment at sentencing.

{¶31} Mr. Talley attached a substantially different version to his application (which contains only his signature) but does not reference that document in this reopened appeal. It is not clear whether Mr. Talley mistakenly attached a prior version to his application or, at worst, committed a fraud upon this court. In any event, since the written

7

plea agreement in the record contains no agreement as to sentence, we find no deficient performance on the part of appellate counsel in failing to raise these arguments.

{¶32} The remaining portion of Mr. Talley's first assignment of error and his second assignment of error are without merit.

{¶33} Pursuant to App.R. 26(B)(9), we confirm our prior judgment in *Talley I*. The judgment of the Trumbull County Court of Common Pleas is affirmed.

JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

8