[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Clark*, Slip Opinion No. 2025-Ohio-4410.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4410

THE STATE OF OHIO, APPELLEE, *v*. CLARK, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Clark*, "Slip Opinion No." 2025-Ohio-4410.]**

*Appellate procedure—App.R. 26(B)—An appellant's brief in support of a reopened appeal must address appellate counsel's deficient representation and the resulting prejudice—Court of appeals correctly confirmed its prior judgment in reopened appeal when appellant did not address how his prior appellate counsel was deficient and how he was prejudiced by that deficiency—Judgment affirmed.*

(Nos. 2024-0401 and 2024-0539—Submitted April 22, 2025—Decided September 24, 2025.)

APPEAL from and CERTIFIED by the Court of Appeals for Medina County, No. 20CA0020-M, 2023-Ohio-4839.

_____

SHANAHAN, J., authored the opinion of the court, which KENNEDY, C.J., and DEWINE and DETERS, JJ., joined. HAWKINS, J., concurred, with an opinion joined by FISCHER and BRUNNER, JJ.

**SHANAHAN, J.**

{¶ 1} App.R. 26(B) permits an appellant to apply to reopen an appeal from a judgment of conviction based on a claim of ineffective assistance of appellate counsel. The rule provides that an appellant must set forth assignments of error that due to the ineffectiveness of appellate counsel were not previously considered by an appellate court. App.R 26(B)(2). Then, if the court grants his application, the appellant must file an appellate brief in which he addresses how his prior appellate counsel was deficient and how he was prejudiced by that deficiency. App.R. 26(B)(7). Some courts have held that even if an appellant fails to separately address his appellate counsel's deficiency and the resulting prejudice, the court may review the assignments of error and presume ineffective assistance of counsel if the assignments of error have merit. *See, e.g.*, *State v. Talley*, 2023-Ohio-883, ¶ 4 (11th Dist.) (presuming that the appellant was arguing that his appellate counsel had been ineffective, despite his failure "to address the issue of ineffective assistance of appellate counsel, as App.R. 26(B)(7) requires"). The question before this court is whether that presumption is proper.

{¶ 2} In this case, the Ninth District Court of Appeals granted appellant Thomas Clark's application to reopen his appeal, No. 20CA0020-M, 2022 Ohio App. LEXIS 4501, *3 (9th Dist. Aug. 11, 2022), but then declined to consider the merits of his assignments of error because he had not separately addressed whether appellate counsel was ineffective, 2023-Ohio-4839, ¶ 5 (9th Dist.).

{¶ 3} We conclude that the Ninth District's approach to reopened appeals is correct. An appellant's reopened appeal may succeed only if the appellate court "finds that the performance of appellate counsel was deficient and the applicant

was prejudiced by that deficiency." App.R. 26(B)(9). The appellant's failure to assert an argument regarding the ineffectiveness of appellate counsel prevents the court from making such a finding. We therefore affirm the judgment of the Ninth District.

## I. Facts and Procedural History

{¶ 4} In December 2016, Clark was charged with multiple counts of rape and gross sexual imposition involving a minor. He pleaded guilty to three counts of rape and ten counts of gross sexual imposition, and the remaining counts were dismissed.

{¶ 5} Following Clark's pleas, the trial court granted defense counsel's motion to withdraw and appointed new counsel. Despite being represented by counsel, Clark filed several pro se motions, including a motion to withdraw his pleas and a motion to represent himself. After discussions with Clark, the trial court granted his motion to represent himself and denied his motion to withdraw his pleas. The court then scheduled a sentencing hearing.

{¶ 6} Before the sentencing hearing, Clark filed a motion for the appointment of counsel, which the trial court granted. Clark was represented by counsel at the sentencing hearing. Following the sentencing hearing, the court sentenced Clark to a term of 25 years to life in prison on each count of rape and 36 months in prison on each count of gross sexual imposition and ordered that the terms be served concurrently. Medina C.P. No. 16 CR 0734, 2 (Sept. 11, 2017).

{¶ 7} Clark appealed to the Ninth District, raising four assignments of error, one of which was that the court failed to obtain a voluntary, knowing, and intelligent waiver of counsel from Clark. The Ninth District concluded that the trial court (1) erred when it accepted Clark's waiver of counsel and (2) failed to substantially comply with Crim.R. 44(A) by failing to obtain a written waiver. 2018-Ohio-3932, ¶ 13 (9th Dist.). The court of appeals reversed the trial court's judgment and remanded the case to the trial court. *Id.* at ¶ 17.

{¶ 8} On remand, the parties disputed the effect of the court of appeals' remand order. The State argued that Clark's guilty pleas remained intact and that the case should proceed from the "point of his motion to withdraw his plea." Clark countered that his convictions had been reversed so his guilty pleas were no longer valid. The trial court agreed with the State and denied Clark's motion to set the matter for trial. Before Clark could be resentenced, the trial court stayed the proceedings so that Clark could pursue a writ of habeas corpus in the court of appeals. In February 2020, the trial court sentenced Clark to the same sentence that had been originally imposed. Medina C.P. No. 16 CR 0734, 2 (Feb. 28, 2020).

{¶ 9} Clark again appealed to the Ninth District, which affirmed the judgment of the trial court. 2021-Ohio-3397, ¶ 42 (9th Dist.). Clark filed an application for reopening under App.R. 26(B), which is the subject of this appeal. In his application, Clark argued that he received ineffective assistance of appellate counsel on several grounds, including appellate counsel's failure to challenge the trial court's interpretation of the court of appeals' remand order. The court of appeals agreed that there was a genuine issue whether appellate counsel was ineffective in his representation and granted Clark's application to reopen. No. 20CA0020-M, 2022 Ohio App. LEXIS 4501, at *3 (9th Dist. Aug. 11, 2022). In accordance with App.R. 26(B), the court ordered the parties to "address in their briefs the claim that representation by prior appellate counsel was deficient, and that Appellant was prejudiced by that deficiency." *Id.* at *4.

{¶ 10} Following briefing, in a split decision, the court of appeals "confirm[ed]" its prior judgment affirming the judgment of trial court, 2021-Ohio-3397 (9th Dist.). 2023-Ohio-4839 at ¶ 10 (9th Dist.). While the majority explained that Clark had not addressed the issue of the ineffectiveness of appellate counsel, the dissenting judge opined that the court should not reject Clark's arguments "simply because a specific, detailed, argument" regarding whether appellate counsel was ineffective had not been presented, *id.* at ¶ 16 (Carr, J., dissenting).

Rather, the dissenting judge proposed, the Ninth District should adopt the approach used by the Eleventh District Court of Appeals in *Talley*, 2023-Ohio-883 (11th Dist.), in which the Eleventh District, noting that the appellant had failed to address the issue of ineffectiveness of appellate counsel, went on to "'presume [appellant was] arguing that appellate counsel was ineffective for failing to raise the arguments set forth in his new assignments of error.'" 2023-Ohio-4839 at ¶ 17 (9th Dist.) (Carr, J., dissenting), quoting *Talley* at ¶ 4. The dissenting judge also cited *State v. Carver*, 2023-Ohio-2839, ¶ 3-9, 47 (4th Dist.), in which the Fourth District Court of Appeals reviewed assignments of error in a reopened appeal, despite the appellant's failure to make an argument challenging the effectiveness of appellate counsel. The dissenting judge offered the following solution: "[I]n reviewing the merits of an assigned error in a reopened appeal, if [the court] finds reversible error, the requirement that appellant demonstrate ineffective assistance of prior appellate counsel has been satisfied." 2023-Ohio-4839 at ¶ 19 (9th Dist.) (Carr, J., dissenting).

{¶ 11} The Ninth District certified to this court the existence of a conflict between its decision and those of the Eleventh and Fourth Districts. We recognized the conflict regarding whether, in reopened appeals, an appellate court may presume that an appellant is arguing that appellate counsel was ineffective for failing to raise the issues argued in the new assignments of error when the appellant has not made a separate argument in his brief challenging the effectiveness of appellate counsel, as required under App.R. 26(B)(7). 2024-Ohio-2781.

{¶ 12} We also accepted Clark's discretionary appeal on the following two propositions of law:

> Proposition of Law 1: In reviewing the merits of an assigned error in a reopened appeal, if the appellate court finds reversible error, the requirement that the appellant demonstrate ineffective

assistance of prior appellate counsel pursuant to App.R. 26(B)(7) has been satisfied.

Proposition of Law 2: In the alternative, if an appellant receives ineffective assistance of counsel on a reopened appeal due to counsel's failure to properly demonstrate ineffective assistance of prior appellate counsel under App.R. 26(B)(7), then the appellant shall be permitted to apply for delayed reconsideration in the court of appeals due to the ineffective assistance of counsel on the reopened appeal under *State v. Murnahan*, 63 Ohio St.3d 60 (1991), so as not to foreclose on appellant's opportunity to vindicate his right to the effective assistance of counsel on direct appeal.

*See* 2024-Ohio-2781 (consolidating the jurisdictional and certified-conflict cases).

**{¶ 13}** In his second proposition of law, anticipating a negative response to his first proposition, Clark asks us to conclude in the alternative that if the requirements of App.R. 26(B)(7) are not satisfied upon review of the merits of an assigned error, another delayed appeal may be allowed under *Murnahan*. For us to opine on this proposition of law would require us to issue an advisory opinion, a practice from which this court generally refrains. *See State v. Hurt*, 2023-Ohio-3013, ¶ 11 (DeWine, J., concurring in part and dissenting in part), quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970) (this court generally "'refrain[s] from giving opinions on abstract propositions' and 'avoid[s] the imposition by judgment of premature declarations or advice upon potential controversies' "). We do not know and cannot predict what issues Clark may raise in the future, nor can we know or predict whether the issues will be raised effectively. And we cannot say at this time whether a second delayed reconsideration would be permitted. Those issues simply are not before us.

{¶ 14} Accordingly, we decline to address Clark's second proposition of law. *See State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 2008-Ohio-6254, ¶ 43 ("We will not issue an advisory opinion on . . . issues before they are properly before us.").

## II. Analysis

### A. The requirements of App.R. 26(B)(7) are mandatory

{¶ 15} The genesis of App.R. 26(B)(7) is *Murnahan*, 63 Ohio St.3d 60, *superseded by rule as stated in State v. Davis*, 2008-Ohio-4608. In *Murnahan*, the defendant filed a petition for postconviction relief, asserting ineffective assistance of appellate counsel. This court determined that a claim of ineffective assistance of appellate counsel was not cognizable in R.C. 2953.21 postconviction-relief proceedings. *Id.* at 65. To allow such a claim, we held, would allow trial courts to second-guess appellate courts, and appellate courts are in the best position to determine whether appellate counsel performed adequately. *Id.* But this court recognized in *Murnahan* that "[s]ince claims of ineffective assistance of appellate counsel may be left undiscovered due to the inadequacy of appellate counsel or the inability of the defendant to identify such errors within the time allotted for reconsideration . . . , it may be necessary for defendants to request delayed consideration." *Id.* at 65-66. According to this court in *Murnahan*, in cases that present a colorable claim of ineffective assistance of appellate counsel and in which the time to appeal or request reconsideration has expired, the defendant may apply for delayed reconsideration. *Id.* at 66. "Before granting reconsideration, the court of appeals should determine whether there are substantive grounds for relief." *Id.*

{¶ 16} "*Murnahan* sought to balance a just application of res judicata against the merits of a defendant's claim of ineffective assistance of appellate counsel." *Davis* at ¶ 12. Without *Murnahan*, res judicata would bar a defendant from pursuing errors that could have been pursued on direct appeal but were not

pursued because of the deficient performance of appellate counsel. *Davis* at ¶ 9, citing *Murnahan* at 65.

{¶ 17} One year after we decided *Murnahan*, App.R. 26 was amended "to establish a procedural mechanism to adjudicate and, if warranted, reopen a direct appeal based on a claim of ineffective assistance of appellate counsel." *State v. Leyh*, 2022-Ohio-292, ¶ 16; 1993 Staff Notes to App.R. 26, 67 Ohio St.3d CXXI. Under App.R. 26(B), appellants with allegedly deficient appellate counsel have a separate forum where they can vindicate their rights. *Davis* at ¶ 26.

{¶ 18} After an appellant files an application for reopening his appeal based on a claim of ineffective assistance of appellate counsel, the mechanism for reopening the appeal is a two-step process. First, the court of appeals must find that there is a genuine issue whether the appellant was deprived of effective assistance of counsel on appeal. App.R. 26(B)(5). Then, if the application is granted, the case proceeds "as on an initial appeal." App.R. 26(B)(7). At that time, the parties *must* "address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency." *Id.* Additionally, an evidentiary hearing may be held if the court of appeals determines that a hearing is necessary. App.R. 26(B)(8). And, if the court finds a deficiency in the performance of appellate counsel and prejudice as a result thereof, the court may vacate its judgment and enter the appropriate judgment. App.R. 26(B)(9). Thus, the rule contains considerations not available to the appellant on an initial appeal.

{¶ 19} When analyzing claims of ineffective assistance of appellate counsel under App.R. 26(B), an appellant must establish not only that the direct appeal was meritorious but also that the appeal failed because of the ineffective assistance of appellate counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Leyh*, 2022-Ohio-292, ¶ 24.

{¶ 20} Under *Strickland*, an applicant must show that (1) counsel's performance was objectively unreasonable, *Strickland* at 688, and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see Smith v. Robbins*, 528 U.S. 259, 285-286 (2000). "A reasonable probability" that the result would have been different but for the unprofessional errors "is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Counsel's deficient performance must have "'"prejudicially affected the outcome of the appeal."'" *Leyh* at ¶ 56 (DeWine, J., dissenting), quoting *State v. Simpson*, 2020-Ohio-6719, ¶ 12, quoting App.R. 26(B)(2)(d).

{¶ 21} In *Strickland*, the United States Supreme Court addressed the right to effective trial counsel. In *State v. Hutton*, 2003-Ohio-5607, ¶ 44, 61, this court recognized that while there is no constitutional right to counsel on a second appeal, appellate counsel's effectiveness is judged by the standard set forth in *Strickland*. However, we noted that "[a]ppellate counsel need not raise every possible issue in order to render constitutionally effective assistance." *Id*. at ¶ 55; *see Jones v. Barnes*, 463 U.S. 745, 750-754 (1983). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland* at 689. "[I]t is difficult to demonstrate that [appellate] counsel was incompetent." *Smith* at 288.

### B.  Application of App.R. 26(B)(7) to Clark's brief

{¶ 22} With the foregoing in mind, we consider the brief Clark submitted in his reopened appeal.

{¶ 23} After Clark's application to reopen his appeal was granted by the Ninth District, he was required to put forth assignments of error "as on an initial appeal" and to "address in [his] brief[] the claim that representation by prior appellate counsel was deficient and that [he] was prejudiced by that deficiency,"

App.R. 26(B)(7). In his brief, Clark included a "Statement of Assignment of Errors" and then alleged three categories of errors under which a litany of purported errors of the trial court, trial counsel, and appellate counsel were listed. However, Clark failed to present any argument "with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," App.R. 16(A)(7). Instead, Clark directed most of the argument toward what he labeled as "The Top Ten - a Saga of Error." The court of appeals considered those ten arguments to be Clark's assignments of error. Ultimately, Clark did not make a separate argument challenging the effectiveness of appellate counsel in the three labeled assignments of error or the ten purported errors discussed in the body of his brief. He made no argument asserting that appellate counsel's performance fell below an objective standard. *See State v. Davis*, 2008-Ohio-2927, ¶ 2 (7th Dist.) ("'Deficient performance' means performance falling below an objective standard of reasonable representation."). Nor did he make an argument asserting that the outcome of his direct appeal would have been different had his appellate counsel alleged the assignments of error listed in his brief. *See id.* ("'Prejudice' . . . means a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different."). While he made passing reference to his appellate counsel's performance being ineffective, it is not the role of an appellate court to cobble together an argument for an appellant. *See State ex rel. McKenney v. Jones*, 2022-Ohio-583, ¶ 28, quoting *State v. Quarterman*, 20214-Ohio-4034, ¶ 19 ("It is not the role of this court to 'search the record or formulate legal arguments on behalf of the parties.' ").

{¶ 24} In any event, Clark does not argue that he satisfied App.R. 26(B)(7)'s requirement that he address the claim regarding appellate counsel's deficient performance and the prejudice caused by the performance. Instead, he contends that the presence of any reversible error in his assignments of error creates a

rebuttable presumption that his prior appellate counsel provided deficient performance and that that deficient performance prejudiced him. We disagree. The rule is clear—the claim of ineffective assistance of appellate counsel must be addressed in an appellant's brief. When an appellant fails to do so, the assignments of error are likely barred by res judicata because those arguments could have been raised in the direct appeal. *See Davis*, 2008-Ohio-4608, at ¶ 9, citing *Murnahan*, 63 Ohio St.3d at 65. App.R. 26(B) provides the link that enables an appellant to raise issues that might otherwise be barred by res judicata, through the showing of ineffective assistance of appellate counsel. Clark's failure to establish this link strikes a fatal blow to his reopened appeal.

### III. Conclusion

{¶ 25} To vacate a prior judgment for ineffective assistance of appellate counsel, the court of appeals must find that the performance of appellate counsel was deficient and that the appellant was prejudiced by that deficiency. The brief in support of the reopened appeal must address the deficient representation and the resulting prejudice. If the appellate court does not find deficient performance and resultant prejudice, the court must confirm its prior judgment.

{¶ 26} Because Clark failed to show that the performance of his appellate counsel was deficient and that he was prejudiced by the deficiency, we affirm the judgment of the Ninth District Court of Appeals.

Judgment affirmed.

_____

**HAWKINS, J., joined by FISCHER and BRUNNER, JJ., concurring.**

{¶ 27} I agree with the majority that the Ninth District Court of Appeals did not err in declining to consider the merits of appellant Thomas Clark's reopened appeal and confirming its prior judgment. After succeeding in having his appeal reopened, Clark failed to submit a brief separately addressing—let alone demonstrating—that his prior appellate counsel's representation was deficient and

that he was prejudiced by that deficiency. This showing is required under App.R. 26(B)(9) and *Strickland v. Washington*, 466 U.S. 668 (1984), and the appellate court was justified in overruling his assignments of error based on that omission alone. *See State v. Leyh*, 2022-Ohio-292, ¶ 24.

{¶ 28} I write separately to note that this is not an appellate court's only option. As explained below, when an appellant fails to address the *Strickland* test in his or her merit brief in a reopened appeal, the appellate court may overrule the appellant's assignments of error for failure to make the showing required by App.R. 26(B)(9) or the court may order supplemental briefing from the parties.

{¶ 29} A reopened appeal "shall proceed as on an initial appeal." App.R 26(B)(7). In a typical appeal, when the appellant's brief does not comply with App.R. 16(A)(7)'s requirement that arguments be properly raised and presented with citations to legal and record support, the appellate court has discretion to disregard those issues—but is not obligated to do so. *See* App.R. 12(A)(2) ("The court *may* disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." [Emphasis added.]).

{¶ 30} Our case law generally mirrors App.R. 16(A) and App.R. 12(A)(2) by emphasizing judicial restraint and the role of party presentation while stopping short of mandating that appellate courts procedurally reject appeals with briefing deficiencies. *See Epcon Communities Franchising, L.L.C. v. Wilcox Dev. Group, L.L.C.*, 2024-Ohio-4989, ¶ 15 ("our judicial system relies on the principle of party presentation, and courts should ordinarily decide cases based on issues raised by the parties"); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159 (1988) ("the court of appeals acted well *within its discretion* in overruling or disregarding the sixth assignment of error because [of] the lack of briefing on this assigned error" [emphasis added]), citing former App.R. 12(A).

{¶ 31} Because the appellant who has been granted a reopened appeal is the one who must "establish . . . the merits of both the direct appeal and the claim of ineffective assistance of appellate counsel," *Leyh*, 2022-Ohio-292, at ¶ 25, the appellate court oversteps its role as a neutral arbiter by sua sponte conflating those two requirements or constructing the *Strickland*-specific arguments on the appellant's behalf. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020), quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("'we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present' ").

{¶ 32} However, while an appellate court must refrain from creating arguments on an appellant's behalf, the appellate court can adhere to the principles of party presentation (and court neutrality) through supplemental briefing. *See* App.R. 16(C) (permitting an appellate court to accept additional briefing); *Sizemore v. Smith*, 6 Ohio St.3d 330, 333, fn. 2 (1983) ("justice is far better served when [this court] has the benefit of briefing, arguing, and lower court consideration before making a final determination"); *State v. Peagler*, 1996-Ohio-73, ¶ 10, fn. 2 ("if a reviewing court chooses to consider an issue not suggested by the parties on appeal but implicated by evidence in the record, the court of appeals should give the parties notice of its intention and an opportunity to brief the issue"); *State v. Tate*, 2014-Ohio-3667, ¶ 21, quoting *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 170 (1988) ("appellate courts should not decide cases on the basis of a new, unbriefed issue without 'giv[ing] the parties notice of its intention and an opportunity to brief the issue' ").

{¶ 33} The text of App.R. 26(B) and accompanying staff notes support this view. The rule itself does not prohibit an appellate court from ordering supplemental briefing in a reopened appeal, and it also authorizes an appellate court to gather information the court deems necessary to resolve the reopened appeal. *See* App.R. 26(B)(8); 1993 Staff Notes to App.R. 26, 67 Ohio St.3d CXXI, CXXII-

CXXIII (stating that an appellate court may conduct an evidentiary hearing in considering the merits of the reopened appeal).

{¶ 34} Moreover, by permitting or ordering supplemental briefing in this scenario, an appellate court obtains multiple benefits: (1) retaining the appellant's burden to establish the *Strickland* test as stated in *Leyh*, 2022-Ohio-292, at ¶ 24-25; (2) respecting principles of party presentation by avoiding court-crafted *Strickland* arguments controlling resolution of the appeal; (3) allowing itself some flexibility to correct injustices caused by the ineffective assistance of appellate counsel; and (4) preventing a scenario like the one raised in Clark's second proposition of law— the failure to address the *Strickland* test in the reopened appeal, thereby generating yet another round of ineffective-assistance-of-appellate-counsel litigation.

{¶ 35} With these considerations in mind, I agree with the majority that an appellant's brief in an appeal reopened under App.R. 26(B) "must address the deficient representation and the resulting prejudice," majority opinion, ¶ 25, and that without this showing an appellate court must confirm its previous judgment. However, in my view, the fact that an appellant must establish the *Strickland* test to succeed in his or her reopened appeal does not strip an appellate court of its discretion to permit or order supplemental briefing in the normal course of managing an appeal.

{¶ 36} My view on appellate-court discretion to permit or order supplemental briefing in this context does not demand that we reverse the Ninth District's judgment in this case. The Ninth District did not err in determining that overruling Clark's assigned errors was warranted given Clark's deficient App.R. 26(B) brief, and, as a result, I agree that this court should affirm that judgment. I accordingly concur with the majority.

———————————

S. Forrest Thompson, Medina County Prosecuting Attorney, and Stefanie H. Zaranec, Assistant Prosecuting Attorney, for appellee.

14

Lydia Evelyn Spragin, for appellant.

Peter Galyardt, Assistant Public Defender, urging reversal for amicus curiae, Office of the Ohio Public Defender.

_____