[Cite as *State v. Sweeney*, 2026-Ohio-57.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2023-CA-58 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-0813 |
| | : | |
| | : | (Criminal Appeal from Common Pleas |
| TIMOTHY SWEENEY | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 9, 2026, the prior judgment of this court issued on September 6, 2024, is vacated, the judgment of the trial court is reversed, and the matter is remanded to the trial court for a new trial.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

_____
ROBERT G. HANSEMAN, JUDGE

EPLEY, P.J, concurs.

HUFFMAN, J., dissents.

**OPINION**

CLARK C.A. No. 2023-CA-58


JENNIFER E. MARIETTA, Attorney for Appellant
DANIEL P. DRISCOLL, Attorney for Appellee


HANSEMAN, J.

{¶ 1} This case is before the court on appellant Timothy Sweeney's reopened appeal. Sweeney's appeal was reopened after he filed an App.R. 26(B) application for reopening that presented legitimate grounds to support his claim that his appellate counsel provided ineffective assistance during his direct appeal. In a reopened appeal, "the case proceeds 'as on an initial appeal'" where the appellant "must establish not only that the direct appeal was meritorious but also that the appeal failed because of the ineffective assistance of appellate counsel." *State v. Clark*, 2025-Ohio-4410, ¶ 18-19, quoting App.R. 26(B)(7). For the reasons outlined below, we find that Sweeney has satisfied both of these requirements. As a result, pursuant to App.R. 26(B)(9), the prior judgment of this court affirming Sweeney's conviction is vacated, Sweeney's judgment of conviction is reversed, and the matter is remanded to the trial court for a new trial.

**Relevant Facts and Course of Proceedings**

{¶ 2} Following a jury trial in the Clark County Common Pleas Court, Sweeney was convicted of one count of aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A). During Sweeney's trial, Detective Nicholas Moody of the Clark County Sheriff's Office testified regarding the events that had led to Sweeney's conviction. Moody testified that on August 13, 2021, he approached Sweeney to arrest him for an outstanding warrant and observed Sweeney briefly crouch down next to a maroon Cadillac. When Moody went over to where Sweeney had crouched down, he found, among other items, two plastic

2

bags containing a white crystalline substance lying on the ground underneath the Cadillac. Moody further testified that he had sent the plastic bags with the white crystalline substance to the Ohio Bureau of Criminal Investigation ("BCI") for laboratory testing, and that the test results showed the substance was 4.82 grams of methamphetamine.

{¶ 3} Instead of presenting testimony from the BCI forensic scientist who tested the methamphetamine, the State submitted a laboratory report that contained the forensic scientist's findings. The State presented the findings in the laboratory report through the testimony of Moody. During trial, Sweeney objected to Moody testifying about the findings in the laboratory report on grounds that such testimony was hearsay. The record indicates that the trial court overruled the objection based on R.C. 2925.51—a statute that allows, under certain circumstances, BCI laboratory reports to be used as prima facie evidence of the content, identity, and weight of a controlled substance. When the State rested its case, Sweeney did not object to the admission of the laboratory report or challenge the trial court's application of R.C. 2925.51.

{¶ 4} After Sweeney was convicted of aggravated possession of drugs, he appealed from his conviction and raised three assignments of error for review. Sweeney's assignments of error argued that (1) his statutory and constitutional speedy-trial rights were violated, (2) his case should have been dismissed due to discovery violations by the State, and (3) his conviction was not supported by sufficient evidence.

{¶ 5} In support of his sufficiency claim, Sweeney's appellate counsel did not dispute that the substance found under the Cadillac was a controlled substance, i.e., methamphetamine. Instead, Sweeney's appellate counsel argued that the State had failed to present sufficient evidence establishing that Sweeney had been in possession of the methamphetamine. Sweeney's appellate counsel did not raise any argument challenging

3

the admission of the BCI laboratory report into evidence. After reviewing the record, this court overruled Sweeney's three assignments of error and affirmed his conviction for aggravated possession of drugs. Sweeney thereafter filed an App.R. 26(B) application for reopening.

{¶ 6} In his application for reopening, Sweeney argued that his appellate counsel provided ineffective assistance by failing to raise assignments of error challenging the trial court's admission of the BCI laboratory report into evidence. Sweeney claimed that his appellate counsel should have argued that the trial court improperly relied on R.C. 2925.51 when overruling his trial counsel's hearsay objection to the BCI laboratory report.

{¶ 7} On January 28, 2025, this court granted Sweeney's application for reopening. In granting the reopening, we found that Sweeney had presented legitimate grounds to support his claim that his appellate counsel was ineffective for failing to raise assignments of error challenging the admission of the BCI laboratory report. After granting Sweeney's application for reopening, we appointed Sweeney new appellate counsel who filed a merit brief on his behalf. The brief included three assignments of error that only pertained to the merits of the direct appeal—it did not address whether Sweeney's prior appellate counsel had provided ineffective assistance. Guided by the Supreme Court of Ohio's concurring opinion in *State v. Clark*, 2025-Ohio-4410, we ordered Sweeney's counsel to file a supplemental brief addressing that issue. Sweeney's counsel thereafter filed a supplemental brief that raised the issue of ineffective assistance of appellate counsel. The State did not file a response. The matter is now ripe for consideration.

{¶ 8} We first address Sweeney's three assignments of error and then address his ineffective-assistance-of-appellate-counsel claim.

4

**First Assignment of Error**

{¶ 9} Under his first assignment of error, Sweeney claims that the trial court improperly relied on R.C. 2925.51 when it permitted the BCI laboratory to be admitted at trial. Specifically, Sweeney claims that the BCI laboratory report and the associated testimony given by Detective Moody should not have been admitted because the State did not comply with all the requirements of R.C. 2925.51. We agree.

{¶ 10} "Under R.C. 2925.51(A), in any criminal prosecution for a violation of Chapters 2925 ('Drug Offenses') or 3719 ('Controlled Substances'), a qualifying laboratory report stating that the substance that is the basis of the alleged offense has been weighed and analyzed and stating the findings as to the content, weight, and identity of the substance, and that it contains any amount of a controlled substance and the number and description of unit dosages, is admissible at trial as prima-facie evidence of the content, identity, and weight or the existence and number of unit dosages of the substance so long as the prosecuting attorney serves a copy of the report on the accused beforehand." *State v. Bennett*, 2024-Ohio-4557, ¶ 44 (4th Dist.).

{¶ 11} "The report shall not be prima-facie evidence of the contents, identity, and weight or the existence and number of unit dosages of the substance if the accused or the accused's attorney demands the testimony of the person signing the report, by serving the demand upon the prosecuting attorney within seven days from the accused or the accused's attorney's receipt of the report." R.C. 2925.51(C).

{¶ 12} "*When the state has complied with its obligations under R.C. 2925.51*, a defendant's failure to use the procedures of R.C. 2925.51(C) to demand that a laboratory analyst testify constitutes a waiver of the opportunity to cross-examine the analyst at trial

5

and allows the analyst's report to be admitted as prima facie evidence of the test results." (Emphasis added.) *State v. Pasqualone*, 2009-Ohio-315, paragraph two of the syllabus.

{¶ 13} One of the State's obligations under R.C. 2925.51 is to serve the laboratory report on the accused or the accused's attorney prior to any proceeding in which the report is to be used against the accused, with the exception of preliminary hearings and grand jury proceedings. R.C. 2925.51(B). In addition, the State must ensure that the laboratory report contains a "notice of the right of the accused to demand, and the manner in which the accused shall demand, the testimony of the person signing the report." R.C. 2925.51(D). The State must also attach the following statements to the laboratory report:

> [A] copy of a notarized statement by the signer of the report giving the name of the signer and stating that the signer is an employee of the laboratory issuing the report and that performing the analysis is a part of the signer's regular duties, and giving an outline of the signer's education, training, and experience for performing an analysis of materials included under this section. The signer shall attest that scientifically accepted tests were performed with due caution, and that the evidence was handled in accordance with established and accepted procedures while in the custody of the laboratory.

R.C. 2925.51(A).

{¶ 14} "It has generally been held that the state must strictly comply with R.C. 2925.51 in order to have lab reports admitted as prima facie evidence." *State v. Davis*, 2007-Ohio-7216, ¶ 55 (7th Dist.), citing *State v. Smith*, 2006-Ohio-1661, ¶ 20 (3d Dist.), and *State v. Bethel*, 2002-Ohio-5437, ¶ 9 (5th Dist.) ("[f]ailure to include all information specified in the statute renders the report inadmissible at trial for failure to comply with the statute"). *See*

6

*also City of Kettering v. Maston*, 2018-Ohio-1948, ¶ 34-35 (2d Dist.) (finding that the trial court erred by allowing the State to use a laboratory report as prima facie evidence of the content of alleged Xanax pills where "the State did not satisfy all the statutory prerequisites for using the report at trial").

{¶ 15} In this case, Sweeney claims that the BCI laboratory report that was admitted into evidence during his trial did not meet the requirements of R.C. 2925.51 and therefore should not have been admitted as prima facie evidence of the content, identity, and weight of the controlled substance that he was convicted of possessing. We note that Sweeney's argument must be reviewed for plain error because Sweeney did not object to the admission of the BCI laboratory report or the trial court's application of R.C. 2925.51. Plain error occurs when there is an obvious defect in the proceedings that affected the outcome of trial. *State v. Rodgers*, 2015-Ohio-2459, ¶ 22.

{¶ 16} The record establishes that the BCI laboratory report at issue was provided to Sweeney prior to trial as required by R.C. 2925.51(B) and that the report was prepared by a forensic scientist named Megan M. Snyder. The BCI laboratory report, however, did not include a notarized statement by Snyder that attested to her qualifications or the testing process that she had used on the methamphetamine. It also did not include any notice of Sweeney's right to demand Snyder's testimony. Therefore, the record indicates that the BCI laboratory report did not satisfy the requirements of R.C. 2925.51(A) or (D). Because of this, the trial court erred by allowing the BCI laboratory report to be admitted as prima facie evidence of the content, identity, and weight of the methamphetamine. Either Snyder's testimony or a stipulation as to the laboratory report's authenticity was required for the report to be properly admitted as evidence. Because neither of those things happened, the admission of the BCI laboratory report was an obvious defect in the proceedings.

7

{¶ 17} In proceeding with a plain error analysis, we must now determine whether the aforementioned defect affected the outcome of Sweeney's trial. Sweeney argues that the improper admission of the BCI laboratory report impacted the outcome of his trial because, without the lab report, there would have been insufficient evidence to convict him of aggravated possession of drugs. Upon review, we agree with Sweeney.

{¶ 18} To establish that Sweeney was guilty of aggravated possession of drugs, the State had to prove that Sweeney "knowingly obtain[ed], possess[ed], or us[ed] a controlled substance or a controlled substance analog." R.C. 2925.11(A). "'Controlled substance' means a drug, compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V." R.C. 3719.01(C); R.C. 2925.01(A). "Failure to prove that the substance is a 'controlled substance' is fatal to the prosecution." *State v. Jack*, 2012-Ohio-2131, ¶ 19 (3d Dist.).

{¶ 19} In this case, the BCI laboratory report was the only evidence that the State presented at trial to establish that the white crystalline substance at issue was the controlled substance methamphetamine, a schedule II drug. Although Detective Moody's testimony indicated that he had found and weighed the white crystalline substance, he never testified to identifying or field testing the substance himself. Instead, Moody testified that he had sent the suspected controlled substance to BCI's laboratory for testing and that Sweeney's case was "a pending open investigation until the labs c[a]me back." Trial Tr. 131. Therefore, had the trial court not admitted the BCI laboratory report into evidence, there would have been no evidence establishing that the white crystalline substance at issue was methamphetamine, and Sweeney would have been entitled to a Crim.R. 29 acquittal for the State's failure to establish all elements of the charged offense. Because of this, the trial

8

court's error in admitting the BCI laboratory report affected the outcome of Sweeney's trial and therefore amounts to plain error.

{¶ 20} Sweeney's first assignment of error is sustained.

**Second Assignment of Error**

{¶ 21} Under his second assignment of error, Sweeney claims that his conviction for aggravated possession of drugs was not supported by sufficient evidence because the BCI laboratory report was inadmissible at trial.

{¶ 22} As a preliminary matter, we note that our finding that the trial court improperly admitted the BCI laboratory report at Sweeney's trial does not render Sweeney's sufficiency-of-the-evidence argument moot because "an assignment of error going to the sufficiency of the evidence supporting a criminal count is always potentially dispositive of that count." *State v. Gideon*, 2020-Ohio-6961, ¶ 27. The Supreme Court of Ohio has held that when an appellate court finds that the improper admission of evidence warrants the reversal of a conviction, the appellate court errs if it thereafter refuses to address an assignment of error challenging the sufficiency of the evidence on grounds that the sufficiency claim is moot. *State v. Brewer*, 2009-Ohio-593, ¶ 7-8, citing *State v. Brewer*, 2007-Ohio-2079; *Gideon* at ¶ 28. "'Because "the state is not entitled to retry a criminal defendant after reversal for trial court error if the state failed in the first instance to present sufficient evidence . . . a defendant's assigned error that the conviction is based on insufficient evidence is not moot under these circumstances."'" *Gideon* at ¶ 27, quoting *State v. Mathis*, 2020-Ohio-3068, ¶ 78 (6th Dist.), quoting *State v. Vanni*, 2009-Ohio-2295, ¶ 15 (9th Dist.).

{¶ 23} "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2009-Ohio-525, ¶ 10 (2d Dist.),

citing *State v. Thompkins*, 78 Ohio St.3d 380 (1997). "When reviewing a claim as to sufficiency of evidence, the relevant inquiry is whether any rational factfinder viewing the evidence in a light most favorable to the state could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Dennis*, 79 Ohio St.3d 421, 430 (1997). "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." *Id*.

{¶ 24} Although it is clear that without the improperly admitted BCI laboratory report there would have been insufficient evidence to convict Sweeney of aggravated possession of drugs, it is well established that "[w]hen evaluating an assignment of error challenging the sufficiency of the evidence, a reviewing court must consider all evidence admitted at trial, *including the improperly admitted evidence that was the source of the reversal for trial error*." (Emphasis added.) *Gideon* at ¶ 29, citing *Brewer*, 2009-Ohio-593 at ¶ 24-26. Therefore, "appellate courts 'must consider all of the evidence that was admitted by the trial court, without consideration of whether any of that evidence should have been excluded.'" *State v. Bansobeza*, 2025-Ohio-2704, ¶ 27 (2d Dist.), quoting *State v. Blevins*, 2011-Ohio-381, ¶ 7 (2d Dist.), citing *Brewer*.

{¶ 25} Because we must consider evidence that was improperly admitted when reviewing a sufficiency-of-the-evidence claim, Sweeney's sufficiency claim lacks merit given that it is based solely on the improper admission of the BCI laboratory report. When considering the BCI laboratory report and the trial testimony in a light most favorable to the State, we find that reasonable minds could have concluded beyond a reasonable doubt that Sweeney committed aggravated possession of drugs. Therefore, his conviction was supported by sufficient evidence.

{¶ 26} Sweeney's second assignment of error is overruled.

**Third Assignment of Error**

{¶ 27} Under his third assignment of error, Sweeney contends that his trial counsel provided ineffective assistance by failing to object to the admission of the BCI laboratory report. Unlike Sweeney's sufficiency claim, our resolution of Sweeney's first assignment error renders his ineffective-assistance claim moot, as the claim is superfluous and has no practical, legal significance given our finding that the trial court committed plain error by admitting the BCI laboratory report into evidence. Therefore, pursuant to App.R. 12(A)(1)(c), we need not address Sweeney's ineffective-assistance claim.

{¶ 28} Sweeney's third assignment of error is overruled as moot.

**Ineffective Assistance of Appellate Counsel**

{¶ 29} As previously discussed, Sweeney "must establish not only that [his] direct appeal was meritorious but also that [his] appeal failed because of the ineffective assistance of appellate counsel." *Clark*, 2025-Ohio-4410 at ¶ 19. In his supplemental brief, Sweeney claims that his prior appellate counsel provided ineffective assistance by failing to raise in his direct appeal the three assignments of error discussed herein.

{¶ 30} A claim of ineffective assistance of appellate counsel is judged using the two-part test in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at ¶ 19. "Under *Strickland*, an applicant must show that (1) counsel's performance was objectively unreasonable, . . . and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at ¶ 20, quoting *Strickland* at 694.

{¶ 31} "Counsel's performance is objectively unreasonable if 'counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them.'" *State v. Johnson*, 2025-Ohio-3137, ¶ 26 (4th Dist.), quoting *Smith v. Robbins* , 528 U.S. 259, 285 (2000), and *State v. Simpson*, 2020-Ohio-6719, ¶ 22. "'A reasonable probability' that the

11

result would have been different but for the unprofessional errors 'is a probability sufficient to undermine confidence in the outcome.'" *Clark* at ¶ 20, quoting *Strickland* at 694. In other words, counsel's deficient performance must have prejudicially affected the outcome of the appeal. *Id.*

{¶ 32} In this case, Sweeney's prior appellate counsel failed to discover nonfrivolous issues pertaining to the admissibility of the BCI laboratory report. As previously discussed, the State did not comply with the requirements of R.C. 2925.51 and therefore should not have been allowed to submit the BCI laboratory report as prima facie evidence of the content, identity, and weight of the controlled substance that Sweeney was charged with possessing. The inadmissible laboratory report was the only evidence that established the substance at issue was a controlled substance—an essential element of the charged offense. Had prior appellate counsel argued that the trial court committed plain error by admitting the laboratory report, the outcome of Sweeney's appeal would have been different. His conviction for aggravated possession of drugs would have been reversed, and his case would have been remanded for a new trial.

{¶ 33} For the foregoing reasons, we find that Sweeney has established that the performance of his prior appellate counsel was objectively unreasonable and that the performance prejudicially affected the outcome of his appeal. Sweeney, therefore, has established ineffective assistance of appellate counsel as required by App.R. 26(B).

{¶ 34} Sweeney's ineffective-assistance-of-appellate-counsel claim is sustained.

**Conclusion**

{¶ 35} Having sustained Sweeney's first assignment of error and his ineffective-assistance-of-appellate-counsel claim, and having overruled his second and third assignments of error, pursuant to App.R. 26(B)(9), our prior judgment affirming Sweeney's

12

conviction for aggravated possession of drugs is vacated, Sweeney's judgment of conviction is reversed, and the matter is remanded to the trial court for a new trial.

. . . . . . . . . . . .

EPLEY, P.J., concurs.

HUFFMAN, J., dissents:

{¶ 36} I respectfully dissent, as in a prior order the majority sua sponte violated one of the basic tenants of appellate practice by inviting appellant to file a supplemental brief arguing issues suggested by the majority. Thus, this court should have rendered a decision on the original briefs. In ignoring the party presentation rule, the majority inappropriately injected itself into the arguments and effectively became an advocate for a party, rather than embracing the role of neutral arbiter that is assigned to courts.

{¶ 37} "'In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation.'" *Schindler v. Cornett,* 2014-Ohio-3352, ¶ 36 (2d Dist.), quoting *Greenlaw v. U.S.*, 554 U.S. 237, 243-244 (2008). "Under the principle of party presentation, 'we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'" *Snyder v. Old World Classics, L.L.C.,* 2025-Ohio-1875, ¶ 4, quoting *Greenlaw* at 243. In other words, our justice system relies on the party presentation rule to maintain the clearly defined role of the court. In my view, the majority, in ordering supplemental briefing, set an undesirable and perhaps dangerous precedent that compromises the fairness and the integrity of the judicial process contrary to the foundational principles of the separate and distinct roles of counsel and the court.